# Riley *v.* Dillon & Pennell.

## *Detinue.*

(Decided June 30th, 1906.  41 So. Rep. 768.)

1. *Sales; Conditional Sales; Notes.*—A note given in part payment of the purchase price of a mare, providing that the title should remain in the seller until the note was fully paid was a conditional contract of sale.

2. *Same; Breach of Condition; Rights of Seller.*—The seller of property under a conditional contract of sale, may follow the property and recover the same from the buyer, or a purchaser from the buyer, without offering to place either in statu quo, where the conditions of payment in the note had not been complied with.

3. *Infants; Contracts; Defense of non-age; Availability.*—The defense of infancy being a personal privilege, cannot be availed of by an assignee of the infant, or by his privies in estate.


APPEAL from Geneva County Court.

Heard before HON. P. N. HICKMAN.

Action by Dillon & Pennell against H. C. Riley. From a judgment for plaintiff, defendant appeals.

W. O. MULKEY, for appellant.—Under §§ 1477 and 1478, code 1896, the vendee, Smith, could have interposed the plea of usury and so have reduced the debt or defeated recovery. The fact that Smith sold the property to defendant ought not to operate to give the plaintiff the right of action where none existed.—*Grunewald Co. v. Copeland,* 131 Ala. 345. It is the clear intention of

these sections of the code to let in all pleas to the action which could be interposed to that of debt except the statute of limitation. The contract was voidable, being made by an infant and the fact that such minor sold the property plainly indicates an intention to avoid the contract and amounts to a disaffirmance of it.—*Chapin v. Shafter*, 49 N. Y. 407; *State v. Plaisted*, 43 N. H. 413; *State v. Howard*, 88 N. C. 650. And the authorities hold that the sale may be disaffirmed during his minority.— *Craig v. Van Babber*, 18 Am. St. Rep. 669, and note.

After an infant has disaffirmed his contract a privy in estate may take advantage of such disaffirmance.—19 Am. Dec. 71; 18 Am. St. Rep. 698 and note. Where there is doubt or uncertainty as to the character of an instrument,—whether it be a mortgage or conditional sale,—the courts construe the contract as a mortgage. —*Rapier v. Gulf City Paper Co.*, 77 Ala. 126; *Daniels v. Lowery*, 92 Ala. 519; *Peagler v. Stabler*, 91 Ala. 308. The contract being one in which Smith could not legally enter, and plaintiff, by virtue of the contract, having obtained the mule from Smith, Smith, or anyone under him, could retain possession of the horse until his property was returned or the proceeds thereof accounted for to him.—*Jesse Franch P. & O. Co. v. Bradley*, 138 Ala. 177.

C. D. CARMICHAEL, for appellee.—The contract sued on was a retention title note.—27 Ala. 634; 60 Ala. 418; 84 Ala. 316. Defendant Riley could not set up the minority of Smith, as minority is a personal defense. The infant could not avoid the contract or render the same void by trading the property.—46 Ala. 108; 60 Ala. 107; 71 Ala. 257; 76 Ala. 343; 94 Ala. 223; 111 Ala. 188. Sec. 1478 of the code has no such scope as it contended for by appellant.

HARALSON, J.—The action is in detinue, commenced on November 3, 1903, for the recovery of a mare.

In addition to the general issue, the defendant filed eight special pleas, the second, sixth and seventh of which set up in substance, that the defendant held title to the animal from one K. Y. Smith; that Smith, who

was a minor, got the animal from plaintiffs, and executed to them his conditional sale-note for the sum of $80, and in and by said note the title to the said property was retained in the plaintiffs.

The eighth sets up the fact of Smith's minority, and that he gave the $80 note which represented the difference between the mare obtained from plaintiffs and a mule which said Smith let the plaintiffs have in part payment of the purchase price of the animal in question; which mule nor the proceeds thereof the plaintiffs have ever returned or offered to return to said Smith, but retain. The fifth sets up the same facts in substance as the eighth, and avers that the note was a conditional or "retained title" note,—the eighth setting up, that it was a mortgage. Both pleas set up that Smith was a minor at the time he executed the instrument.

Demurrers were interposed to these pleas and sustained.

The plaintiff introduced in evidence the instrument executed by said Smith, which is set out in the transcript. It is in form a promissory note, payable to the plaintiffs on the 20th of October next (1903). The obligation is referred to in the instrument itself as a note, and not as a mortgage. It contains the clause: "The title to remain in said Pennell & Dillon (the plaintiffs) until this note is fully paid." That this instrument purports on its face to be a conditional sale-note, not varied by any fact introduced in evidence, cannot be well disputed.

A sale and delivery of personal property with an express stipulation that the title is to remain in the vendor until payment thereof, is a conditional sale.—*Summer v. Woods,* 67 Ala. 142, 42 Am. Rep. 104; *Fields v. Williams,* 91 Ala. 504, 8 South. 808. "If the condition of payment is not fully complied with, or, is not waived, the original vendor's rights become perfect and absolute, and he may follow the property into whosoever's hands it is (except as provided by section 1017 of the code of 1896), or recover its full value, and without any deduction for any partial payment made by the original vendee; at law they are all forfeited."—Benjamin on Sales (American Notes, 7th Ed.) p. 301; *Davis v. Millings,* 141 Ala. 380, 37 South. 737.

[Holman v. Clark.]

The title to the animal never did pass into Smith, and hence, never could have passed into the defendant, and plaintiffs could have recovered either from Smith, if he had the property, or from Riley, if Smith transferred the property to him. Disaffirmance, or putting any one in statu quo, is without any application here. The transaction is as though Smith, had purchased the same outright from plaintiffs, the title being retained by them until the $80 had been paid. Giving the mule by Smith to plaintiffs in exchange of animals was nothing more nor less than a part payment of the purchase price, just as if the value of the mule had been paid in money, which the plaintiffs were under no obligation to refund in order to maintain this suit.

Infancy is a personal privilege, to be taken advantage of by the infant alone, and not by a stranger. Interference by a stranger, wrongdoer, or person having no interest in the subject-matter, will not be tolerated or permitted, and the privilege not being transferrable cannot be exercised by assignees, or privies in estate.—*Sharp v. Robertson's Ex'rs*, 76 Ala. 346; *Hooper v. Payne*, 94 Ala. 225, 10 South. 431.

There was no error in sustaining demurrers to the several pleas, nor in refusing the charges requested by defendant.

Affirmed.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ., concur.