# Webb *v.* Reagin.

### *Bill to Cancel a Conveyance.*

(Decided May 12, 1909.   49 South. 580.)

*Infants; Disaffirmance of Deed; Return of Consideration.*—In order to disaffirm a sale of lands made by an infant, on reaching majority, the infant must return the money or property received in exchange for it, if he still has it.

APPEAL from Jackson Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Inez Reagin against J. P. Webb, to cancel a conveyance made during minority. From a decree for complainants respondent appeals. Affirmed.

JOHN B. TALLEY, and VIRGIL BOULDIN, for appellant. —Under the weight of authority, and on all sound principles of equity, a minor of mature years is estopped to

rescind a transaction based upon such representation without at least placing the deceived party in statu quo. —*Eureka Co. v. Edwards,* 71 Ala. 248; 22 Cyc. 550; Tyler on Infants, p. 97; 2 Kent's Com. 253; Ewell's Leading Cases, Infancy, sec. 226. The infant must do equity, must restore the consideration before rescinding.—*Hobbs v. N. C. & St. L. Ry.,* 122 602; *Robertson v. Bradford,* 73 Ala. 116.

LAWRENCE COOPER, for appellee.—No estoppel is shown in this case.—*Sims v. Eberhardt,* 102 U. S. 300; 72 Am. St. Rep. 464; 97 S. W. 412; 50 S. W. 260; 25 S. E. 975; 37 Am. St, Rep, 412

SIMPSON, J.—The bill in this case was filed by the appellee against the appellant to cancel a conveyance made by the appellee to the appellant, executed January 28, 1905, on the ground that the complainant, at the time of the execution of the conveyance, was under the age of 21 years. The evidence establishes the fact that at the time of the execution of said conveyance said complainant was only 19 years of age. It appears from the evidence that the property conveyed was originally owned by the father of complainant, Z. P. Reagin; that on April 13, 1903, he executed a mortgage on the same for $300 in favor of one Washington, on which $100 was paid May 7, 1903; and the mortgage was finally settled November 11, 1904. On October 31, 1904, said Reagin and his wife conveyed the property to the complainant; the consideration being stated as $10 and natural love and affection. Another mortgage was made by complainant, and her said father and mother, on November 28, 1904, to John F. Proctor, and this was satisfied January 30, 1905; the money being paid as part of the purchase money by the respondent.

There is no evidence to show that the money borrowed on the Proctor mortgage was used in paying off the previous incumbrance on the property, and the dates above given do not indicate it, and, as heretofore seen, the Proctor mortgage was made by the minor after the property was conveyed to her. The complainant and her father testify that all of said money, both from the mortgage and from the sale to the respondent, went to the complainant's said father, and none of it ever came into the hands of the complainant, or was appropriated to her use. The complainant and her father and mother testify that at the time of the conveyance to the respondent the respondent was informed that the complainant was not of age; while the respondent testifies that the father told him, in the presence of complainant, that she was 21 years of age. Complainant's father testified that he whipped the complainant, and slapped her jaws, to make her sign the deed in question; and he is corroborated by his wife and said complainant.

It is held in some states that if an infant, who appears to be of age, falsely represents that he is of age, it will create an estoppel against his denying the validity of the deed; while in many others it is held that the infant cannot be estopped from disaffirming the deed.—22 Cyc. 550, and cases cited. The extent to which our own court has gone is that where the infant has received the consideration of a sale, and seeks to disaffirm it on reaching majority, he must return the money or property received, if he still has it.—*Eureka Co. v. Edwards,* 71 Ala. 248, 256, 46 Am. Rep. 314; *McCarty v. Woodstock, Iron Co.,* 92 Ala. 463, 467, 8 South. 417, 12 L. R. A. 136; *Am. Freehold L. M. Co. v. Dykes,* 111 Ala. 178, 187, 18 South. 292, 56 Am. St. Rep. 38.

It must be admitted that the testimony of parents, who swear that they conveyed property to their daughter

on a nominal consideration and love and affection, and then within three months whipped and slapped her to force her to convey it away for the father's benefit, is clouded with suspicion; yet the fact remains that the legal title to the property was in the minor, and there is no testimony tending to show that the minor received any benefit from the money paid for the property; and even if we should follow the extreme views of those states whose courts hold that a minor may, by representing herself to be of age, estop herself from disaffirming the conveyance, yet we do not think that the evidence shows such an active participation by the minor in the perpetration of the fraud as to estop her.

The decree of the court is affirmed.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.