In re FARMERS' SUPPLY CO.

FEDERAL CHEMICAL CO. v. HOUSE.

(District Court, N. D. Georgia, E. D. May 13, 1912.)

No. 256.

BANKRUPTCY (§ 140*)—RIGHTS OF TRUSTEE—UNRECORDED CONDITIONAL SALE.
     Bankruptcy Act July 1, 1898, c. 541, § 47a(2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500), which provides that "trustees, as to all property in the custody or coming into the custody of the bankruptcy court shall be deemed vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon," was intended to protect general creditors against holders of unrecorded mortgages and conditional sale contracts, and, under such provision, the right of a trustee to property held by the bankrupt under a contract of conditional sale not recorded as required by Civ. Code Ga. 1910, § 3319, or the proceeds of such property, coming into his hands, is superior to that of the seller.
     [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. § 140.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of the Farmers' Supply Company, bankrupt. On petition of the Federal Chemical Company to review order of referee. Affirmed.

F. C. Shackelford, of Athens, Ga., for trustee.

Cobb & Erwin, of Athens, Ga., and Slaton & Phillips, of Atlanta, Ga., for objecting creditors.

NEWMAN, District Judge. The question for determination here on petition for review of the action of the referee is shown by the certificate of the referee, as follows:

"I, N. L. Hutchins, Jr., the referee in bankruptcy, in charge of this proceeding, do hereby certify: That in the course of such proceeding, an order, a copy of which accompanies this certificate, was made and entered on the 30th day of March, 1912. That on the 18th day of April, 1912, Federal Chemical Company, feeling aggrieved thereat, filed a petition for review, which was granted.

"A summary of the evidence on which said order was based is as follows: It was admitted on the hearing by counsel for the respective parties that the order and contract attached to claimant's petition, signed by Farmers' Supply Company, to Federal Chemical Company, for fertilizer, dated 17th day of January, 1911, was, by its terms and conditions, a 'conditional bill of sale,' unrecorded, as provided for by appropriate Georgia statute. It was further admitted that the claim of the Federal Chemical Company rested purely in open account (no notes having been given by Farmers' Supply Company, as contemplated by one of the conditions of the conditional bill of sale) other than the writing itself. It was further admitted that the accounts of the Farmers' Supply Company for fertilizers furnished by Federal Chemical Company and sold to customers were discovered by the trustee of Farmers' Supply Company some time subsequent to his appointment and qualification and during the administration of the effects of the bankrupt concern; that the trustee at the time of the filing of their intervention by Federal Chemical Company had collected about all of said accounts and had the proceeds in his hands; that the question presented on this review is: The contract attached to the petition of Federal Chemical Company being one of 'conditional sale,' unrecorded, did the trustee, under the amendment to section 47a of the original act of 1910, 'as, to all property in the custody of or coming into the custody of the bankrupt court, become invested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon'? Amendment 1910 to section 47a(2) Bankruptcy Act 1898; In re Williamsburg Knitting Mill. 27 Am. Bankr. Rep. 178 (D. C. Va.) 190 Fed. 871; In re Hartdagen, 26 Am. Bankr. Rep. 532 (D. C. Pa.) 189 Fed. 546; In re Calhoun Supply Co., 26 Am. Bankr. Rep. 528 (D. C. Ala.) 189 Fed. 537; In re Bazemore, 26 Am. Bankr. Rep. 494 (D. C. Ala.) 189 Fed. 236; In re Gehris-Herbine Co., 26 Am. Bankr. Rep. 470 (D. C. Pa.) 188 Fed. 502; Holt & Co. v. Trustees Williamsburg Knitting Mill et al. [193 Fed. 1020] U. S. Court of Appeals Fourth Circuit, No. 1063, affirmed February 20, 1912."

The rights of a seller of property sold on what is called conditional sales in Georgia has been dealt with by this court in several cases, and particularly in the case of the Atlanta News Pub. Co. (D. C.) 160 Fed. 519.

There is no doubt that prior to the amendment of Bankr. Act June 25, 1910, a conditional sale, although unrecorded as required by the statutes of Georgia (sections 2776 and 2777, Code of 1895; sections 3318 and 3319, Hopkin's Code of 1910), was good as against general creditors and as against the trustee in bankruptcy. It was prior to this late amendment of the bankruptcy act assumed that the trustee

in bankruptcy, stood in the shoes of the bankrupt, and had no greater rights than the latter would have had to contest the priority of lien of one making such a sale.

In the Atlanta News Pub. Co. Case, in the opinion (160 Fed. 522) it was said:

"The statute of this state on the subject of conditional sales as embodied in section 2776 of the Code of Georgia of 1895 is as follows: 'Whenever personal property is sold and delivered with the condition affixed to the sale, that the title thereto is to remain in the vendor of such personal property until the purchase price thereof shall have been paid, every such conditional sale, in order for the reservation of title to be valid as against third parties, shall be evidenced in writing, and not otherwise. And the written contract of every such conditional sale shall be executed and attested in the same manner as mortgages on personal property; as between the parties themselves, the contract as made by them shall be valid and may be enforced whether evidenced in writing or not.' The next section (2777) is as follows: 'Conditional bills of sale must be recorded within thirty days from their date, and in other respects shall be governed by the laws relating to registration of mortgages.' The meaning of section 2776 as applied to the facts in this case, as construed by the Supreme Court of the state, is this: (1) Where there is a mere oral reservation of title and no writing whatever on the subject, the title will be so fixed in the vendee that the rights of third parties obtaining judgments or liens antedating the sale may be enforced against the vendor's claim of title. (2) Where the contract reserving title in the vendor is in writing, although not properly executed and recorded as required by the statute, the reservation is good as between the parties, and as to general creditors, and also as to creditors with liens antedating the conditional sale; and is only subject to such liens as are obtained, or debts arising from credit given in good faith by reason of the property being in the possession of the vendee with apparent ownership and without any notice of title elsewhere."

"The trustee in bankruptcy, occupying no better position than the bankrupt who was the purchaser of property from one reserving title, under the state law could not contest the priority or lien of the seller. This being the law of Georgia on the subject, it would be recognized and enforced in the bankruptcy court, but the amendment of June 25, 1910 (36 Stat. 838, c. 412), amending section 47 of the original Bankruptcy Act, contains the following language:

"And such trustees as to all property in the custody or coming into the custody of the bankrupt court shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon."

This amendment made a vital change in the act. Instead of the trustee having no greater right than the bankrupt would have, he now has, and had when the present bankruptcy proceeding was instituted, "the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings." The lien or priority would undoubtedly be superior to that of the creditor selling goods by a conditional bill of sale as against the property or so much thereof as might come into the hands of the trustee.

Judge Evans in the District Court for the Western District of Kentucky in Re Lausman, 183 Fed. 647, apparently held that in Kentucky, and under the statutes of that state, the amendment of 1910 would have no effect on the rights of parties to conditional sales.

Other judges, however, have not agreed with Judge Evans in this conclusion.

In the case of Bazemore, 189 Fed. 236, Judge Grubb of the District Court for the Northern District of Alabama, quoting the first and second headnotes of the case, decided as follows:

"Act June 25, 1910, c. 412, § 8, 36 Stat. 840, amending Bankr. Act July 1, 1898, c. 541, § 47a(2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), provides that trustees in bankruptcy as to all property in the custody or coming into the custody of the bankruptcy court shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by a legal or equitable proceeding thereon. *Held*, that such amendment confers on the trustee an absolute right to attack the unrecorded lien of a conditional seller without reference to whether the trustee represents creditors who have in fact acquired liens by legal or equitable proceedings against the bankrupt. * * * Under the state law a conditional vendor, holding under an unrecorded conditional sale, has no priority over judgment debtors of the vendee without notice, and under Bankruptcy Act July 1, 1898, c. 541, § 47a(2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended by Act June 25, 1910, c. 412, 36 Stat. 840, conferring on the bankrupt's trustee the rights of a lien creditor, the trustee acquires the same rights as judgment creditors without notice, such conditional seller has no priority, and the order of payment provided for by section 64 is not therefore interfered with by refusing to allow priority of payment to such conditional seller."

This case went to the Circuit Court of Appeals for this, the Fifth Circuit, and was reported as Cable Co. of Alabama v Stewart, 191 Fed. 699. The question had been made before Judge Grubb as to whether the papers constituting the evidence in the conditional sale were properly recorded, as well as the effect of the amendment of section 47a(2) of the Bankruptcy Act of 1898, by the act of June 25, 1910. In the opinion Judge Shelby says this:

"It is evident that, if there was a compliance with the statute which we have quoted, requiring registration of the conditional sale (Code of Alabama 1907, § 3395), the condition would be valid even as against judgment creditors of the bankrupt; and, conceding, but not deciding, that the construction placed on the amendment by the court below is correct, and that the amendment is applicable to the failure to record contracts existing a year before its passage, the conditional sale would remain valid against the bankrupt's trustee, for his right cannot be held superior to that of judgment creditors. We find it necessary, therefore, to consider only the correctness of the decision that the record of the contract of sale was insufficient because of the failure to record the 'contract note.'"

Judge Shelby then proceeds to give the reasons for holding that the contract was properly recorded, so that the decision of the Circuit Court of Appeals affects in no way the decision made by Judge Grubb as to the effect of the amendment of June 25, 1910. In the case of Williamsburg Knitting Mill, 190 Fed. 871, Judge Waddill, in the District Court for the Eastern District of Virginia, expresses the same view. In the opinion Judge Waddill says, quoting from 3 Remington on Bankruptcy, p. 331:

" 'By the amendment of 1910 to the bankruptcy act, section 47a(2) "this rejected doctrine" that bankruptcy operates as an "equitable levy" as to property in the custody of the bankruptcy court, has become the accepted doctrine.' "

Judge Waddill continues:

"Moreover, this author shows that Congress by the amendment in question purposely sought to modify the decision of York Manufacturing Co. v. Cas-

sell, 201 U. S. 344 [26 Sup. Ct. 481, 50 L. Ed. 782]. At page 331 of the same volume (Remington 3) the report of the Senate judiciary committee on the amendment of the act is set out in full, stating in terms that its object and purpose was to meet the decision in the York Case, and to adopt in lieu thereof the views herein taken. Collier on Bankruptcy (8th Ed.) pp. 541, 542, refers to this amendment approvingly, and, in effect, takes the same view of the act that Remington does, though he calls attention to the fact that more logically the amendment should have been made to section 70 of the Bankrupt Act, instead of section 47."

I have no doubt that the referee correctly decided this case, and that the right of the trustee in bankruptcy as against funds coming into his hands from fertilizer notes and accounts was superior to that of the Federal Chemical Company. I am unable to attribute any other meaning to the amendment of 1910 to section 47 of the Bankruptcy Act except this. It was intended to protect general creditors against the holders of unrecorded mortgages and conditional bills of sale.

The action of the referee is approved.