## In re FLATLAND et ux.

## JENNINGS v. MANN.

(Circuit Court of Appeals, Ninth Circuit. May 20, 1912.)

No. 2,105.

1. BANKRUPTCY (§ 440*)—APPEAL AND REVISION—PETITION FOR REVISION.
   Where the sustaining of a chattel mortgage executed by the bankrupt presented a question of law only as to the validity of the mortgage, the facts not being in dispute, the order was reviewable by petition to revise, under Bankruptcy Act (Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]), giving the Circuit Courts of Appeal jurisdiction in equity to superintend or revise any matter of law in the several inferior courts of bankruptcy within their jurisdiction.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 440.*
   Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. BANKRUPTCY (§ 188*)—CHATTEL MORTGAGE—VALIDITY—CREDITORS.
   Though a trustee in bankruptcy has all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings, he was not entitled to set aside a chattel mortgage executed by the bankrupt covering fixtures and stock to be subsequently placed in the storeroom after being purchased with the money borrowed from the mortgagee, where it did not appear that any creditor of the bankrupt other than the mortgagee held any lien on the property.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 270, 286–289, 291–295; Dec. Dig. § 188.*]

3. BANKRUPTCY (§ 152*)—FILING OF PETITION—CAVEAT—LIEN.
   While the filing of a petition in bankruptcy is a caveat to all the world and in effect an attachment and injunction, the lien dates from the commencement of the bankruptcy proceedings, except in cases where the disposition of property by the bankrupt is declared by law to be fraudulent and void.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 194; Dec. Dig. § 152.*]

Petition for Revision of Proceedings of the District Court of the United States for the Northern Division of the Western District of Washington, in Bankruptcy.

In the matter of bankruptcy proceedings against Matt Flatland and Clara A. Flatland, his wife. Petition by I. H. Jennings, trustee of the bankrupts, for revision, in matter of law, of an order sustaining a chattel mortgage in favor of Winfield S. Mann. Petition dismissed.

Leopold M. Stern, of Seattle, Wash., for petitioner.
A. W. Buddress, of Seattle, Wash., for respondent.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

ROSS, Circuit Judge. The record in the case shows that the respondent, Mann, was a creditor of the bankrupt, and presented a claim to the trustee based upon a promissory note of the bankrupt, coupled with the statement that the note was secured by two mort-

gages, one upon real and the other upon personal property of the estate, entitling his claim to priority over the other creditors. The referee certified to the District Court the question which arose in the proceedings before him in respect to the validity of the chattel mortgage, stating the facts, which were accepted by the court, as follows:

"Said chattel mortgage purported to cover all fixtures of every nature and kind, including baking outfit, showcases, shelving, scales, and all other fixtures of every nature and kind; also all the stock of goods of every nature and kind in or hereafter placed in that certain storeroom in the Hermosa Building, at No.' 404 Cedar street, in Seattle, King county, Wash.

"It was disclosed upon the undisputed proofs submitted at the hearing that at the time said mortgage was made, executed, and delivered there was no stock of goods whatever in the building described in the mortgage; that the only fixtures therein at that time were the shelving, and possibly one showcase; that at the time of the delivery of the mortgage it was intended by the mortgagors to at once proceed with the installation of the fixtures in that building, and to place therein a stock of goods for sale in the usual course; that it was the intention of said mortgagors to use the money borrowed of the mortgagee, to secure which the said purported mortgage was executed and delivered, in the purchase of said fixtures and of said stock of goods, and that the money so borrowed was, in fact, so used."

The District Court sustained the priority claimed, and gave judgment accordingly.

The trustee seeks to review that action by means of the present petition, opening his brief with the statement:

"This petition for review presents a question of law alone. The facts are not in dispute."

[1] The respondent moves to dismiss the petition on the ground that the petitioner's remedy was by appeal. The motion is denied. The question presented, being one of law only, depending upon a statement of facts, not contested, is properly reviewable by petition by virtue of section 24b of the Bankruptcy Act (30 Stats. 553), which is as follows:

"The several Circuit Courts of Appeal shall have jurisdiction in equity, either interlocutory or final, to superintend or revise any matter of law or proceedings in the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised on due notice and petition by any party aggrieved."

See In re Lee, 182 Fed. 579, 105 C. C. A. 117, and cases there cited. Coder v. Arts, 213 U. S. 223, 29 Sup. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008, is not to the contrary.

[2] Upon the merits it is plain that resort cannot be had either by court or counsel to anything outside the record. From that it must be taken that the language of the chattel mortgage covered all of the fixtures in the storeroom mentioned and all of the goods then in or thereafter to be placed therein; but that as a matter of fact at the time of the execution of the mortgage the only fixtures in the room were the shelving and "possibly one showcase," and no goods there at all, but that it was the intention of the mortgagors to at once proceed with the installation of the fixtures, and to place in the storeroom a stock of goods for sale in the usual course by means of the money borrowed on the mortgage, which money so borrowed and secured was in fact so used. In other words, the bankrupt borrowed

on his note secured by the mortgage in question the money with which to equip a storeroom and install therein a stock of goods for sale, and did so use the money; and the question is, Is the mortgage valid as against the other creditors of the bankrupt?

The counsel for the petitioner concedes that, as between the parties, the mortgage created an equitable lien upon the property in question. In his brief he says:

"Unquestionably, as between the original parties, an equitable lien was created by the chattel mortgage, and the mortgagor could not make any of the defenses interposed by the trustee. The trustee, however, does not stand in the shoes of the bankrupt, but has all the rights of a creditor possessing a levy upon the property in controversy. If the lien of the chattel mortgage would not for any reason be valid as against the claim of a levying creditor, had there been no bankruptcy, it would not be a valid lien against the trustee. This is the effect of the Amendment of 1910 (Act June 25, 1910, c. 412, § 8, 36 Stat. 840 [U. S. Comp. St. Supp. 1911, p. 1500]) to section 47 (a) of the Bankruptcy Act defining the trustee's title and rights as follows: '(2) Collect and reduce to money the property of the estates for which they are trustees, under the direction of the court, and close up the estate as expeditiously as is compatible with the best interests of the parties in interest; and such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon.'"

A conclusive answer to the suggestion here made is that there is nothing in the record showing that any of the creditors of the bankrupt other than the respondent held any lien of any character.

[3] While the filing of a petition in bankruptcy is a caveat to all the world and in effect an attachment and an injunction (Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 32 Sup. Ct. 96, 56 L. Ed. ——), it remains true that by no attachment can any greater right be acquired in the attached property than the party against whom it runs had at the time of the attachment. In Yeatman v. Savings Institution, 95 U. S. 764–766 (24 L. Ed. 589), the Supreme Court said:

"The established rule is that except in cases of attachments against the property of the bankrupt within a prescribed time preceding the commencement of proceedings in bankruptcy, and except in cases where the disposition of property by the bankrupt is declared by law to be fraudulent and void, the assignee takes the title subject to all equities, liens, or incumbrances which existed against the property in the hands of the bankrupt. * * * He takes the property in the same 'plight and condition' that the bankrupt held it."

In Thompson v. Fairbanks, 196 U. S. 516, 526, 25 Sup. Ct. 306, 310 (49 L. Ed. 577) the same court said:

"Under the present bankruptcy act, the trustee takes the property of the bankrupt, in cases unaffected by fraud, in the same plight and condition that the bankrupt himself held it, and subject to all the equities impressed upon it in the hands of the bankrupt, except in cases where there has been a conveyance or incumbrance of the property which is void as against the trustee by some positive provision of the act."

In Hurley v. Atchison, Topeka & Santa Fé Ry. Co., 213 U. S. 126, 29 Sup. Ct. 466, 53 L. Ed. 729, the Supreme Court quoted with approval this from the opinion of the Circuit Court of Appeals of the

First Circuit in the case of In re Chase, 124 Fed. 753, 755, 59 C. C. A. 629–631:

"It is settled that a trustee in bankruptcy has no equities greater than those of the bankrupt, and that he will be ordered to do full justice, even in some cases where the circumstances would give rise to no legal right, and, perhaps, not even to a right which could be enforced in a court of equity as against an ordinary litigant. Williams' Law of Bankruptcy (7th Ed.) 191. Indeed, bankruptcy proceeds on equitable principles so broad that it will order a repayment when such principles require it, notwithstanding the court or the trustee may have received the fund without such compulsion or protest as is ordinarily required for recovery in the courts either of common law or chancery."

The case of Hurley v. Atchison, Topeka & Santa Fé Ry. Co. involved an advance payment made by a railroad company for coal to be mined in the future to enable the coal company to pay for the labor of mining it, and the court held the advances to be a pledge of the coal, and that the trustee in bankruptcy took the mine subject to the obligation to deliver the coal as mined to the extent of the advances; the court concluding its opinion in these words:

"That the coal for which this money was advanced was not yet mined, but remained in the ground to be mined and delivered from day to day as required, does not change the transaction into one of an ordinary independent loan on the credit of the coal company or upon express mortgage security. It implies a purpose that the coal as mined should be delivered, and is from an equitable standpoint to be considered as a pledge of the unmined coal to the extent of the advancement. The equitable rights of the parties were not changed by the commencement of bankruptcy proceedings. All obligations of a legal and equitable nature remained undisturbed thereby. If there had been no bankruptcy proceedings, the coal as mined was, according to the understanding of the parties, to be delivered as already paid for by the advancement."

All of this is in accord with the rule laid down by Judge Story in the case of Mitchell v. Winslow et al., 17 Fed. Cas. p. 527, No. 9,673, where, at page 533, he says:

"It seems to me a clear result of all the authorities that wherever the parties, by their contract, intended to create a positive lien or charge, either upon real or personal property, whether then owned by the assignor or contractor, or not, or if personal property, whether it is then in esse or not, it attaches in equity as a lien or charge upon the particular property, as soon as the assignor or contractor acquires a title thereto, against the latter, and all persons asserting a claim thereto, under him, either voluntarily, or with notice, or in bankruptcy."

See, also, Jones on Chattel Mortgages, §§ 170, 171, 173; 6 Cyc. pp. 1041, 1043, 1052; 5 Am. & Eng. Ency. of Law (2d Ed.) pp. 979, 982, and authorities there cited.

The petition is dismissed, with costs against the petitioner.