## In re SOCIAL CIRCLE COTTON MILLS.

### (District Court, N. D. Georgia. April 23, 1914.)

BANKRUPTCY (§ 140*)—RIGHTS OF TRUSTEE—PRIORITIES.

Under Bankruptcy Act July 1, 1898, c. 541, § 47a(2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500), providing that trustees as to all property in the custody, or coming into the custody, of the bankruptcy court shall be deemed vested with, the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon, the right of a trustee to property in the possession of the bankrupt is superior to that of a mortgagee holding under an unrecorded mortgage good as between the bankrupt and the mortgagee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. § 140.*]

In Bankruptcy. In the matter of the bankruptcy of the Social Circle Cotton Mills, bankrupt. Decision of the referee denying the claim of the First National Bank of Madison for priority as against the trustee of the bankrupt approved and confirmed.

Smith, Hammond & Smith and E. P. Upshaw, all of Atlanta, Ga., and Walker & Roberts, of Monroe, Ga., for trustee.

Rosser & Brandon and Slaton & Phillips, all of Atlanta, Ga., and F. C. Foster, of Madison, Ga., for intervener.

NEWMAN, District Judge. In this case the referee finds that the claim made by the intervener for priority as against the estate of the bankrupt company, and particularly against certain cotton and the

---

*For other cases see same topic & § NUMBER-in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

products of certain cotton, cannot be sustained because the papers, which he finds to have been mortgages and good as between the parties, but—

"all are unrecorded and therefore submissive to the amendment of June, 1910, and when the trustee took possession·of whatever may have been in the mill, either raw cotton, that in process of manufacture, products, output, or proceeds from sales of any of the same, he became clothed with a lien, which Congress gave to trustees in bankruptcy, operated generally as such, and which attached to all of the property that came into the custody of the bankruptcy court, as against the holders of the unrecorded mortgages relied upon by interveners."

It is clear that the referee found correctly if the former decisions of this court and those of several other courts as to this are correct, and I think they are. The first case that came before this court which required the construction of the act of June, 1910, giving to trustees a lien as by legal or equitable proceeding, was the case of Farmers' Supply Co. (D. C.) 196 Fed. 990. In that case this amendment was discussed and all the authorities up to that time. The headnote to that case is as follows:

"Bankruptcy Act July 1, 1898, c. 541, § 47a(2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended by act of June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500), which provides that 'trustees, as to all property in the custody or coming into the custody of the bankruptcy court shall be deemed vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon,' was intended to protect general creditors against holders of unrecorded mortgages and conditional sale contracts, and, under such provision, the right of a trustee to property held by the bankrupt under a contract of conditional sale not recorded as required by Civ. Code Ga. 1910, § 3319, or the proceeds of such property, coming into his hands, is superior to that of the seller."

The matter subsequently came before this court in the case of Whatley Bros., 199 Fed. 326. In that case it was said:

"While the courts are not in entire accord, I think it may be considered as settled now that the purpose of the act of June, 1910, was to give the trustee in bankruptcy a lien for the benefit of creditors generally, such as a creditor could have 'by legal or equitable proceedings.' Such is the plain language of the amendment, and there is no escape, so far as I can see, from the conclusion that this was the intent of Congress in its enactment. It is recognized, of course, that the main purpose of the amendatory act of 1910 was to relieve general creditors from the situation which had been created by many decisions, notably by the decision in the York Manufacturing Company Case, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, by which the liens of unrecorded mortgages and conditional bills of sale, which, under the state laws, would be good as between the parties, were held as good against the bankrupt estate. But, though probably having this particular purpose more distinctly in mind, Congress gave to trustees in bankruptcy this lien, which operates generally, and which attaches to all property coming into the custody of the bankrupt court.

"It has the same effect as a judgment at law or in equity. In re Bazemore (D. C.) 189 Fed. 236; In re Williamsburg Knitting Mills (D. C.) 190 Fed. 871. This latter decision was affirmed by the Circuit Court of Appeals for the Fourth Circuit, in Holt v. Henley, Trustee, 196 Fed. 1005 [115 C. C. A. 670] (February 23, 1912); also in Farmers' Supply Co. and Federal Chemical Co. v. House, Trustee, 196 Fed. 990, decided in this District May 13, 1912.

"My attention has been called to In re Flatland, 196 Fed. 310 [116 C. C. A. 130], which does not seem in accord with other cases; but I cannot agree with it, as I understand it."

There are some cases which might be cited to the contrary, but I think the rule as laid down in this court in the cases referred to is the correct construction of the amendment of 1910 to the bankruptcy act. Certainly it would require a reversal of what has been determined by this court heretofore on the subject.

With reference to the character of the paper made by the Social Circle Cotton Mills to the intervener, or how that should be construed, it must, giving it the strongest construction claimed for it by the intervener, be held to be inferior to the lien of the trustee under the amendment of June, 1910, referred to above.

The decision of the referee is approved and confirmed.