(80 South. 536)

HILL v. WEIL.　(3 Div. 355.)

(Supreme Court of Alabama. Dec. 19, 1918.)

1. COVENANTS ⊜=7—PARTIES ESTOPPED—ACCEPTANCE OF DEED.

Where grantor, when she received deed, covenanted not to build within certain distance of street, and the grantee, with knowledge of the covenant in the recorded deed, accepted title subject to the covenant, he was estopped to deny covenant and could not build within the prohibited area.

2. INFANTS ⊜=31(1)—DISAFFIRMANCE OF CONTRACTS—RIGHTS OF ASSIGNEES.

Where infant accepted deed containing covenant as to location of building and did not disaffirm, but after attaining her majority gave a deed containing the same covenant, her grantee could not defeat the covenant by pleading his grantor's minority.

3. INFANTS ⊜=31(1)—DISAFFIRMANCE OF CONTRACTS—RIGHTS OF ASSIGNEES.

An infant's right to disaffirm was personal, and not available to her assigns or privies.

4. EVIDENCE ⊜=441(1) — PAROL — MERGER OF NEGOTIATIONS.

The implication is clear and necessary to the security of titles that an executed writing contains all the stipulations, and that all previous negotiations and agreements are merged in the terms of the instrument.

5. VENDOR AND PURCHASER ⊜=239(1)—SECRET EQUITIES—PERSONS BOUND.

Alleged oral agreement between landowner and her grantor removing restrictive covenant on one lot contained in recorded deed, being a secret equity, did not affect one who purchased title to another lot affected by the benefit of the covenant.

Appeal from Circuit Court, Montgomery County; Gaston Gunter, Judge.

Bill by Isadore Weil against E. L. Hill. Decree for complainant, and defendant appeals. Affirmed.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellant.
Steiner, Crum & Weil and Weil, Stakely & Vardaman, all of Montgomery, for appellee.

SAYRE, J. We made a statement of the law of this case in Weil v. Hill, 193 Ala. 407, 69 South. 438, and to that report we now refer for a statement of the facts also. Upon its return to the trial court and after an amendment which failed to affect the equity of the bill, the testimony of appellant's grantor Mrs. Winn having been taken, the judge of the circuit, sitting in equity, very properly held that the case differed from the case considered by this court on the former appeal in this respect only: That it had been made to appear in the meantime that Mrs. Winn, when she accepted Young's conveyance of the Rugely lot, was a minor, and that at that time she had a parol agreement with Young by the terms of which she was relieved of her implied covenant when Young sold his lot (fronting on Perry street) to Clisby. The judge, further holding that the alleged parol agreement had been merged in the recorded conveyance and that the infancy of defendant's (appellant's) grantor did not militate against the equity asserted by complainant because by that conveyance she had, several years after attaining her majority, ratified the implied covenant of the conveyance under which she held, entered a decree granting the relief prayed in complainant's (appellee's) bill. Defendant has again appealed.

[1] Appellant quotes a definition of estoppel in pais from Clanton v. Scruggs, 95 Ala. 279, 10 South. 757—a definition that was quite sufficient for the purposes of that case —and asks that some statement be made on paper of the facts that created an estoppel in this case. Bringing our statements of

conclusion into a new collocation, we need only refer to the record of the former appeal where we noted, along with relevant and established principles of law, that Mrs. Winn, then Josie Hubbard, by her acceptance of the deed to the Rugely lot, containing the clause in question, agreed for herself and her assigns that no house or other structure should ever be erected on the lot she previously owned nearer to Perry street than the house then standing on the lot. We also noted that the effort of appellee's bill was to enforce a notional counter grant, or a covenant implied by the grantee's acceptance of the benefits of the deed to him. On the theory that appellant was estopped, we sustained the equity of the bill. The facts averred are now proved, and our judgment is that appellant is estopped because with a knowledge of the covenant of the recorded deed, actual or necessarily and conclusively imputed to him, he accepted a title which was affected thereby. Webb v. Robbins, 77 Ala. 176, Morris v. Tuskaloosa Mfg. Co., 83 Ala. 565, 3 South. 689, Mayfield v. Cook, 77 South. 713,[1] and other cases cited by appellant to this point, are wholly foreign to the question involved on this record.

[2-4] Appellant seeks to destroy the effect of the clause written in the deed from Young to Josie W. Hubbard (Mrs. Winn) by recourse to a previous parol agreement, the effect of which has been stated, and by proof that she knew nothing of its omission from the deed until this bill was filed. It is also insisted that the fact that Mrs. Winn was at the time of Young's deed to her a minor should suffice to release appellant from the implied covenant. To this last point McCarthy v. Nicrosi, 72 Ala. 332, 47 Am. Rep. 418, is cited and said to be on all fours with the case under consideration. In that case an infant made a deed, but, in good time, disaffirmed. The court held he was not bound. In the present case an infant has accepted a conveyance, and long after attaining her majority has for value executed a warranty deed; having received the benefits of the transaction she was bound to bear the burdens also. Webb v. Reagin, 160 Ala. 537, 49 South. 580. Moreover, her right, at any time, to disaffirm was personal to her, and not available to her assigns or privies. Riley v. Dillon, 148 Ala. 283, 41 South. 768. As for the rest, the implication is clear and necessary to the security of titles that—

"An executed writing contains all the stipulations, engagements, and promises the parties intended to make and assume, and that all previous negotiations, conversations, and parol agreements are merged in the terms of the instrument." Sellers v. Dickert, 185 Ala. 206, 64 South. 40.

[5] The alleged agreement constituted a secret equity as between Mrs. Winn and Young, but appellee, who purchased for value, had no notice of its existence. He purchased a title affected by the benefit of the covenant. The secret equity is unavailing as against him. Silvey v. Cook, 191 Ala. 228, 68 South. 37, and authorities cited.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.