(121 App. Div. 497.)

NORTON et al. v. KAIN et al.

(Supreme Court, Appellate Division, Second Department.  October 4, 1907.)

**1. INJUNCTION—BREACH OF CONTRACT—FRAUD—ELEMENTS OF.**

Allegations of representations by an owner of lots to induce a sale, that the use of the remaining lots was restricted to the erection of one-family dwellings, will not warrant relief on the ground of fraud or estoppel, though the use was not so restricted, where it is not alleged that the representation was fraudulent, or that grantees relied on it, or were deceived thereby.

**2. FRAUDS, STATUTE OF—CREATION OF EASEMENTS.**

Under Real Property Law, Laws 1896, p. 592, c. 547, § 207, providing that an estate or interest in real property other than a lease for one year cannot be created, unless by operation of law or in writing, and Id. p. 602, § 224, making void a contract for the sale of any real property or interest therein, unless in writing, a parol agreement by an owner of lots, to induce a sale, that no buildings other than one-family dwellings would be erected on the remaining lots, is void, and will not support an action to enjoin the erection of an apartment house thereon.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Frauds, Statute of, § 94.]

Appeal from Special Term, Kings County.

Action by Samuel J. L. Norton and another against Louis Kain, sued as Louis Kane, impleaded with others.  Judgment for plaintiffs, and Louis Kain appeals.  Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, MILLER, and GAYNOR, JJ.

Henry J. Davenport, for appellant.
Francis S. McDivitt, for respondents.

GAYNOR, J.  The case comes down to this: The defendant Frank C. Kohart (and the appellant only represents him, as the trial judge found) owned four adjoining lots of land.  He erected detached one family dwellings on two of them, and sold and conveyed one to each of the plaintiffs.  To induce them to purchase he represented to them that each of the two remaining lots were restricted against the erection of any building thereon excepting a private residence like the two he had built, and promised that no other kind of building would be erected thereon.  No covenant to this effect was put in the contracts of sale nor in the deeds of conveyance.  This suit was brought to obtain a judgment perpetually restraining the said defendant from erecting an apartment house on his said land, and the plaintiff obtained judgment.  The complaint is also on the ground of prior restrictive covenants running with the land, but such covenants had become extinct, and the judgment below was put upon the oral representation and promise only.

In respect of the alleged representation that the land was restricted, it suffices that it is not alleged that such representation was fraudulent, or that the plaintiffs relied upon it or were deceived by it.  It follows that no relief could be given under the head of fraud or of estoppel.  The case came down, therefore, to the enforcement of the oral promise.  That it was not a ground for the jurisdiction of equity

cannot be gainsaid; it was void. Real Property Law, Laws 1896,. pp. 592, 602, c. 547, §§ 207, 224. An easement in land can be created only by a grant. Wiseman v. Lucksinger, 84 N. Y. 31, 38 Am. Rep. 479; Newman v. Nellis, 97 N. Y. 285; Nellis v. Munson, 108 N. Y. 453, 15 N. E. 739; White v. Manhattan R. Co., 139 N. Y. 19, 34 N. E. 887. The case of Lewis v. Gollner, 129 N. Y. 227, 29 N. E. 81, 26 Am. St. Rep. 516, is not applicable. There one who was in the business of building flats made an agreement with the people of a neighborhood in consideration of the purchase by them of a plot of land he was about to devote to that use, and of a sum paid to him by them, that he would not thereafter erect any flat in that neighborhood. He was enjoined from violating his agreement. It was not a case of an easement in land at all, but of a valid agreement restraining the defendant in his business. There was a valid agreement for equity to enforce, while here there was not. There was also a valid agreement in Hodge v. Sloan, 107 N. Y. 244, 17 N. E. 335, 1 Am. St. Rep. 816, viz., in the deed itself. In Woodhaven Land Co. v. Solly, 148 N. Y. 42, 42 N. E. 404, the defendant built a house on the land on the faith of an oral agreement that the deed when delivered was to be without restrictions, and this gave equity jurisdiction to reform the deed as prayed for by the answer, instead of granting an injunction to prevent a violation of the restrictive covenant in the deed as delivered. The agreement was also deemed valid in Tallmadge v. East River Bank, 26 N. Y. 105, whether correctly or not, and in the cases cited in the opinion in that case there were valid agreements. If the complaint here alleged and was based on fraud or mistake, and a reformation of the deeds of conveyance was prayed for, a different case would be presented; but we have to take the issue as it is.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.