of heat. The fact that they all cracked alike is controlling evidence that the same infirmity practically existed in each door, and this result could only be obtained by the same kind of a defect in each. Manifestly such condition could not be produced by the accidental absorption of moisture. Some of the doors had not even been placed where dampness could be absorbed, assuming that others might have been exposed thereto. The action of heat and moisture accidentally received or applied does not manifest itself in this uniform way. So that not only does the oral testimony in this case predominate in favor of the defendant's contention, but the physical conditions are conclusive of it. And when this is coupled with the fact that the burden of showing performance of the contract rested upon the plaintiffs, and that substantial performance only was found by the court, it is clear that the plaintiffs failed to establish facts authorizing a recovery for the doors and panels." The evidence at the second trial, bearing on this subject, was substantially the same in all respects as that offered on the former trial. This fact is not disputed. It was the duty of the learned trial justice, therefore, to have given effect to the decision of this court, instead of ignoring it. The evidence was the same as it was on the first trial, and therefore, our former decision was not only binding, but controlling, on the second trial. That decision was deliberately made. It is not claimed that any fact was overlooked or that a rule of law was erroneously applied. The orderly administration of justice requires that the decision of an appellate court shall be followed by the trial court. It also requires the appellate court to follow its own decisions, unless it is made to appear that the former decision was erroneously made, either upon the facts or the law. The fact that the personnel of the court has changed since the former decision was made is no reason whatever why such former decision should not be followed. I thing the judgment appealed from, so far as it relates to this counterclaim, should be reversed, and a new trial ordered, with costs to appellant to abide event.

NEUBARTH, Appellant, v. NEW YORK CENT. & H. R. R. CO., Respondent. (Supreme Court, Appellate Division, First Department. December 20, 1907.) Action by William R. Neubarth against the New York Central & Hudson River Railroad Company. S. Sultan, for appellant. R. A. Kutschbock, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

In re NEWCOMB'S ESTATE. (Supreme Court, Appellate Division, First Department. December 20, 1907.) In the matter of Josephine L. Newcomb, deceased. No opinion. Decree affirmed, with costs. Order filed.

NISSEN, Respondent, v. LANGAN, Appellant. (Supreme Court, Appellate Division, First Department. December 6, 1907.) Action by John Nissen against Joseph Langan. A. G. Loomis, for appellant. C. Fischer, for respondent. No opinion. Judgment affirmed, with costs, with leave to defendant to withdraw demurrer and to answer on payment of costs. Order filed.

NIXSON, v. REILLY. (Supreme Court, Appellate Term. December 12, 1907.) Appeal from Municipal Court, Borough of Manhattan, Fourteenth District. Action by Ralph L. Nixson against John J. Reilly. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered. R. W. Keene, for appellant. Breen Bros., for respondent.

PER CURIAM. This action is brought to recover a balance due for work, labor, and services in the installation of an elevator. The agreement was in writing, and by its terms the plaintiff guaranteed its operation for a year. The defendant produced evidence tending to show that the elevator was not properly installed and was constantly out of repair, that the plaintiff failed to make the necessary repairs, and that the defendant did so at his own cost and expense. The trial court found that the elevator was accepted by the defendant and that there was no legal evidence that the sums expended by him in making repairs within the year were the fair and reasonable value of such repairs. We are of the opinion, after a careful review of the evidence, that the ends of justice will be best subserved by a new trial, when all the facts may be properly placed before the court. Judgment reversed, and new trial ordered, with costs to abide the event.

In re NORTHAM. (Supreme Court, Appellate Division, Fourth Department. December 4, 1907.) In the matter of the general assignment for the benefit of creditors of Wallace G. Northam to Lewis Northam. No opinion. Motion for leave to appeal to the Court of Appeals granted, and questions to be reviewed certified.

NORTON et al., Respondents, v. KAIN, Appellant. (Supreme Court, Appellate Division, Second Department. November 22, 1907.) Action by Samuel J. L. Norton and another against Louis Kain, sued as Louis Kane. No opinion. Motion for reargument denied, with costs. See 106 N. Y. Supp. 129.

NOVITZ, Respondent, v. LEVINSON, Appellant. (Supreme Court, Appellate Division, Second Department. January 10, 1908.) Action by Morris Novitz against Joseph Levinson. No opinion. Judgment of the Municipal Court affirmed by default, with costs.

O'GRADY, Respondent, v. McDONOUGH, Appellant. (Supreme Court, Appellate Division, Second Department. December 23, 1907.) Action by Cornelius E. O'Grady against Patrick H. McDonough. No opinion. Judgment and order affirmed, with costs.

In re O'KEEFE. (Supreme Court, Appellate Division, Second Department. January 10, 1908.) In the matter of the application of James Bernard O'Keefe for admission to the bar. No opinion. Application granted, and order signed.