# Holloway *v.* Smith.

### Bill to Fix Certain Charges on Land, or to Vacate the Deed.

(Decided July 16, 1916.   Rehearing denied December 30, 1916.
73 South. 417.)

**Frauds, Statute of; Parol Promise; Improvements.**—A parol promise by a grantee that he will construct a dwelling house for himself upon the land purchased is void under the statute of frauds.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Bill by Mary J. Smith against J. Lee Holloway, to charge a certain lot of land with a lien for an amount necessary for the erection of a suitable residence for a family such as Holloway has, or to vacate and set aside a conveyance of the lot to Holloway. From a decree overruling demurrers to the bill, respondent appeals. Reversed and remanded.

The bill sets up a certain transaction by which the Rose Hill Land Company acquired certain property, consisting of 400 acres of land, from complainant and her husband (Holloway, Dahlberg, and the husband of complainant being the stockholders thereof), by which Holloway received a deed to a 5-acre tract under an oral agreement that said Holloway and Dahlberg would purchase from oratrix at $100 per acre a small acreage adjoining their lot, and that each would, within a reasonable time, improve the several lots by the erection of a residence thereon severally for themselves; the reason for making the conveyance to said Holloway and Dahlberg being to add inducement to purchasers to buy the land to be conveyed to the corporation, and to add to the value of the adjoining property. Other matters not necessary to be set out are also alleged.

ARMSTEAD BROWN, and STUART MCKENZIE, for appellant. W. A. GUNTER, for appellee.

McCLELLAN, J.—If we accept this bill's averments as justifying the theory upon which complainant (appellee) would rest her claim for favorable consideration in a court of equity—an acceptance that is not justified by the allegations of fact made—

[Morris v. Scott.]

this is the substance of the cause of complaint and the basis for the rescission sought:  The grantor conveyed a lot to the grantee upon consideration of a parol promise by the grantee that he would construct upon the land a dwelling for himself, the grantee failed or refused to make the improvement, and the grantor would have the contract (including, of course, the conveyance) rescinded.  Among other objections not now necessary to be noted, the demurrer pointed this one:  "That the bill seeks to enforce an illegal parol agreement which is void under the statute of frauds."  This ground of demurrer was well taken, according to the apt authority of *Patton v. Beecher*, 62 Ala. 579, *Brock v. Brock*, 90 Ala. 86, 8 South. 11, 9 L. R. A. 287, and *Tillman v. Kifer*, 166 Ala. 403, 405, 52 South. 309, among others.  The failure or refusal to perform a parol promise is not a fraud efficient to relieve the transaction of the effect of the statute of frauds.— Authorities supra.  There is no averment of fraud in the bill.

The demurrer was erroneously overruled.  The decree is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.