**SCHEUER v. BRITT.   (3 Div. 823.)**

Supreme Court of Alabama.   Jan. 19, 1928.

**1. Easements ☞13—Building restrictions in deed, limiting property's use, impose a servitude in nature of negative easement appurtenant to and running with land.**

Building restrictions appearing in a deed, limiting the use of the property granted, impose a servitude in the nature of a negative easement appurtenant to and running with the land.

**2. Frauds, statute of ☞60(1)—Building restriction or property use easements are within statute of frauds.**

Restrictions in the nature of easements, forbidding use for specified purposes of real property sold, or restrictions limiting the use of such property to specified purposes, are within the statute of frauds.

**3. Frauds, statute of ☞60(1)—Conveyance by deed of absolute land title cannot be varied by parol so as to subject property to servitude.**

A conveyance by deed of the absolute title to land cannot be varied by parol so as to subject the property to a servitude and pass a lesser estate than the deed granted.

**4. Evidence ☞458—To give full effect to building restrictions in deeds, liberal rules generally prevail in admitting parol evidence of circumstances attending making of deed.**

To give full effect to building restrictions in deeds, rather liberal rules generally prevail in admitting parol evidence of the circumstances attending the making of the deeds, that the trier of fact may place himself in the position of the parties.

**5. Easements ☞13—Where defined district is platted and publicly offered as restricted district, restrictive clauses in the several deeds are construed as mutual covenants; each lot being subject to easement in favor of all.**

Where a defined district is platted and publicly offered as a restricted district, the restric-

tive clauses in the several deeds are construed as mutual covenants; each lot being subject to a servitude or easement in favor of all the others, including unsold lots of the grantor in the same plat.

**6. Easements ⬤⇒21—Purchaser of lot within plat restricted by mutual covenants of deeds, knowing of restrictions, takes subject to them, though deed be silent thereon.**

A purchaser of a lot within a plat restricted by mutual covenants in the deeds, knowing of such restrictions, takes subject to them as between himself and other lot owners, although no restriction statement is incorporated in his deed.

**7. Frauds, statute of ⬤⇒60(1)—Where deed was for absolute, unincumbered title, parol evidence of negative building easement held inadmissible in injunction suit.**

Where vendor and purchaser has stipulated in deed for an absolute, unincumbered land title, parol evidence of negative building easement *held* inadmissible in a suit to enjoin the erection of a store building and filling station upon a lot.

**8. Frauds, statute of ⬤⇒119(1)—Defendant, in suit to enforce alleged oral building restrictions not contained in deed held not estopped to deny restrictions.**

In a suit by one lot owner to enjoin another from erecting a store building and filling station within an area alleged to be restricted to residences only, the fact that the deed contained no restrictions, but the alleged restrictions were orally imposed at the time the lots were purchased, *held* to form no basis for estoppel in pais to deny restrictions.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Bill for injunction by Lillie W. Scheuer against J. E. Britt. From a decree sustaining a demurrer to the bill, complainant appeals. Affirmed.

S. H. Dent, of Montgomery, for appellant.

That restrictive building covenants were not inserted in deeds to lots in a plat will not prevent the enforcement of them against the owners, if they were part of a general plan for the tract and the lots were all sold with the understanding that the conveyances were subject to such restrictions. Allen v. Detroit, 167 Mich. 464, 133 N. W. 317, 36 L. R. A. (N. S.) 890; De Gray v. Monmouth Beach, etc., Co., 50 N. J. Eq. 329, 24 A. 388; Trout v. Lucas, 54 N. J. Eq. 361, 35 A. 153; Equitable L. A. Soc. v. Brennan, 148 N. Y. 661, 43 N. E. 173. Such covenant is binding, not only on the original parties, but upon all purchasers with notice. Leek v. Meeks, 199 Ala. 89, 74 So. 31. The statute of frauds does not apply. Wiel v. Hill, 193 Ala. 407, 69 So. 438.

Horace Stringfellow and Jack Thorington, both of Montgomery, for appellee.

A restriction contrary to the intention of the parties to a deed cannot be enforced by parol evidence. Hill v. Weil, 202 Ala. 400, 80 So. 536; Id., 193 Ala. 414, 69 So. 438; Clanton v. Scruggs, 95 Ala. 279, 10 So. 757. An easement in realty cannot be created by parol. McMahon v. Williams, 79 Ala. 290.

BOULDIN, J. The bill is to enjoin the erection of a store building and filling station within an area alleged to be restricted to residences only. The appeal is from a decree sustaining demurrers to the amended bill.

The bill shows complainant is the owner of described lots as shown by recorded plot of South Cloverdale, and respondent the owner of lots in the same plat opposite and across the street from the property of complainant.

The averments upon which the equity of the bill is rested are these:

"That Mamie D. Jones was originally the owner of the property described in said plat; that she divided said property off into lots to be sold solely for residential purposes; that an auction sale was held on the premises, at which sale it was publicly announced that all lots sold were to be for residential purposes only. Complainant further alleges that the advertising contained in the Montgomery Advertiser prior to the sale of these lots also contained a notice that they were to be sold for residential purposes only. * * *

" 'Complainant further avers that the plat of the property hereinbefore described was not only laid off in lots, but divided by streets, and that the property sold at public auction was for residential purposes only.' * * *

"Complainant further avers that, while the deed of the said J. E. Britt does not contain a restriction to the effect that his lots were sold for residential purposes only, that he had notice of the fact that all the lots in said plat were subjected to the restriction that the same were to be used for residential purposes only, and complainant further avers that the said J. E. Britt, prior to the time he commenced the erection of storehouse property and a filling station upon his said lots, approached complainant with request that he be permitted to erect such structures and complainant positively refused and declined to agree thereto. * * *

"Complainant further avers that at the time the defendant, J. E. Britt, purchased the lots hereinabove described he had notice of the fact that the said property had been platted and divided off into lots and streets solely for residential purposes."

It will be noted there is no averment of any restriction upon the use of lots within the area incorporated in the deed of this complainant, nor in any of the deeds to lots sold at public auction or thereafter, nor that such restriction appeared on the recorded plat and was thus incorporated by reference into such deeds.

The controlling question is: Can restric-

tive building provisions of this character rest wholly in parol?

[1] Building restrictions appearing in a deed, limiting the use of the property granted, impose a servitude in the nature of a negative easement appurtenant to and running with the land. Weil v. Hill, 193 Ala. 407, 69 So. 438; Hill v. Weil, 202 Ala. 400, 80 So. 536; McMahon v. Williams, 79 Ala. 288; Noojin v. Cason, 124 Ala. 458, 27 So. 490.

[2, 3] It seems settled by our decisions that such easement, whether a restriction forbidding use of the property for specified purposes, or a restriction limiting the use to specified purposes, is within the statute of frauds; that a conveyance of the absolute title cannot be varied by parol so as to subject the property to such servitude, and so pass a lesser estate than granted in the deed. Clanton v. Scruggs, 95 Ala. 279, 10 So. 757; Allen v. Bromberg, 163 Ala. 620, 50 So. 884; Holloway v. Smith, 198 Ala. 118, 73 So. 417.

Appellant conceives that a different case is presented when it appears the lots were sold pursuant to a general plan of improvement or building scheme, when a sale of suburban property has been promoted, and enhanced prices have been obtained upon assurances to the public that the use of the property shall be restricted to residences only.

This question does not appear to have arisen directly in any of our cases. It has generally arisen in other states in cases involving the construction of building restrictions written into the deeds.

[4] To give full effect to such provisions rather liberal rules generally prevail in admitting parol evidence of the circumstances attending the making of the deed, that the trier of fact may place himself in the position of the parties.

[5, 6] Accordingly, where a defined district is platted and publicly offered as a restricted district, the restrictive clauses in the several deeds are construed as mutual covenants, each lot subject to a servitude or easement in favor of all the others, including unsold lots of the grantor in the same plat. Such servitude being appurtenant to and running with the land, any subsequent purchaser of a lot within the plat, with notice of the easement thereon, takes it subject thereto, as between himself and other lot owners, although no restriction is incorporated in his deed.

[7, 8] But this does not mean that such mutual covenants, having the effect of an incumbrance upon the title to every lot in the district, may be created by parol agreement, and established by parol evidence alone. Such a rule would seem to be in the teeth of statutes requiring a conveyance of land or any interest therein to be in writing and forbidding the creation of parol trusts in lands. Where no restrictions were incorporated in any of the deeds, but the grantor and grantees stipulated for an absolute unincumbered title, we can see no opening for parol evidence to show a lesser title was conveyed, nor any basis for estoppel in pais under the facts alleged.

To impose by parol an easement debasing the title conveyed by every deed to a lot in such area, would, it seems to us, open the door to all the ills the statute of frauds is designed to prevent.

Whether the sale of property as a residence district was intended to assure immunity against uses which are nuisances in a residence neighborhood, or intended, on the other hand, to impose a servitude forbidding the use of the property for legitimate purposes, according to the terms of the grant, should not be subject to the hazards of parol testimony, growing more and more uncertain as such transaction recedes into the past.

The logic of the great majority of cases wherein the question is involved incidentally, and the weight of authority where it has been directly decided, sustains the view that a restriction of this class is subject to the statute of frauds, that it cannot be established by parol evidence which in effect varies the terms of the grant. Sprague v. Kimball, 213 Mass. 380, 100 N. E. 622, 45 L. R. A. (N. S.) 962, Ann. Cas. 1914A, 431; Allen v. Mass. Bonding Co., 248 Mass. 378, 143 N. E. 499, 33 A. L. R. 669; Hemsley v. Marlborough, 62 N. J. Eq. 164, 50 A. 14; De Gray v. Monmouth Beach Club, 50 N. J. Eq. 329, 24 A. 388; Davidson v. Dunham, 159 App. Div. 207, 144 N. Y. S. 489; Norton v. Ritter, 121 App. Div. 497, 106 N. Y. S. 129; Ham v. Massasoit Real Estate Co., 42 R. I. 293, 107 A. 205, 5 A. L. R. 440; Wilson v. Gordon (Tex. Civ. App.) 224 S. W. 703; Starck v. Foley, 209 Ky. 332, 272 S. W. 890, 41 A. L. R. 756; 9 R. C. L. pp. 745, 746, 750; note, 5 A. L. R. 448; note 21 A. L. R. 1281, 1306; note, 33 A. L. R. 676; note, 37 L. R. A. (N. S.) 24; note, 45 L. R. A. (N. S.) 962.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.