MARY T. KELLEY, Respondent, *v.* LEVITT & SONS, INCORPORATED, ABRAHAM LEVITT, WILLIAM LEVITT, ALFRED LEVITT, THE MAC JOSEPH CORPORATION and MARK J. JOSEPH, Appellants.

Second Department, June 9, 1941.

*Gustave Simons*, for the appellants Levitt & Sons, Incorporated, Abraham Levitt, William Levitt and Alfred Levitt.

*Edgar F. Hazleton*, for the appellants The Mac Joseph Corporation and Mark J. Joseph.

*Ralph D. Ray* [*Melvin D. Goodman* with him on the brief], for the respondent.

PER CURIAM. This is an action to compel defendants Levitt & Sons, Incorporated, Abraham Levitt, William Levitt and Alfred Levitt, hereinafter called the Levitts, to abide by their agreements not to question the validity of the building zone ordinance of the village of North Hills, in the county of Nassau, and not to erect any structure in violation thereof. It is alleged that defendants The Mac Joseph Corporation and Mark J. Joseph had knowledge of the agreements and that the corporation is controlled and dominated by the Levitts. Plaintiff prays for both a declaratory judgment and an injunction. Defendants' motions to dismiss the complaint for insufficiency were denied.

Accepting as true the allegations of the complaint, it states a cause of action warranting injunctive relief. The agreements entered into by the Levitts, on behalf of themselves and others with whom they are or may become associated, are not to be viewed as ordinary restrictive covenants running with the land. The purpose of the agreements was to restrict the business activities of said defendants and to confine them to the erection of such houses as may be permitted by the village building zone ordinance and amendments thereto, without regard to whether such ordinance be valid or invalid as a municipal regulation. In effect, by this private agreement the parties incorporated therein all the provisions of the village building zone ordinance as though such provisions were specifically set forth as express covenants regulating the building activities of said defendants within the village. By the agreements the Levitts have deprived themselves of the right to question the enforcibility or validity of the building zone ordinance. They have no more right now to question its legality than they would have to question the legality of any other restriction

to which they had agreed for a valuable consideration. The parties have bound themselves by contract and their rights are to be governed thereby and not according to the general municipal laws to which all persons in the community may be subject. Equity will not permit a party to such a private contract to violate its covenants regardless of pecuniary gain or loss. (*Lewis* v. *Gollner*, 129 N. Y. 227; *Hodge* v. *Sloan*, 107 id. 244. See, also, *Adams* v. *Gillig*, 199 id. 314; *Matter of Isenbarth* v. *Bartnett*, 206 App. Div. 546; *Barnett* v. *Vaughan Institute*, 134 id. 921; affd., 197 N. Y. 541; *Norton* v. *Ritter*, 121 App. Div. 497.) Plaintiff's remedy before the zoning board would be inadequate. Defendants may and probably will urge before the zoning board that there be a variance of the ordinance or that it is unconstitutional. As to the plaintiff, defendants are foreclosed by the agreements from raising such issues. Adequate relief may be afforded plaintiff only by plenary suit based upon the contract.

The orders should be affirmed, with one bill of ten dollars costs and disbursements, with leave to defendants to answer within ten days after the entry of the order hereon.

LAZANSKY, P. J., CARSWELL, JOHNSTON, TAYLOR and CLOSE, JJ., concur.

Orders affirmed, with one bill of ten dollars costs and disbursements, with leave to defendants to answer within ten days after the entry of the order hereon.