JOSEPH P. McQUADE et al., Plaintiffs, *v.* IRVING MAIDMAN, Defendant.

Supreme Court, Special Term, New York County, February 18, 1955.

*Arthur A. Beaudry* for plaintiffs.

*David I. Shivitz* and *Edmund B. Hennefeld* for defendant.

MATTHEW M. LEVY, J. This is a motion by the plaintiffs to strike out each of five separate affirmative defenses contained in the defendant's amended answer on the ground of insufficiency in law.

In substance it appears from the complaint that: The plaintiffs had acquired a business which they operated, and for that purpose occupied premises which would be available to them only until July 31, 1947. Beginning about May 1, 1947, they negotiated with the defendant for the purpose of either leasing or purchasing certain premises owned by the defendant and then occupied by a tenant. It was known to the parties that the plaintiffs required the prompt use of these premises and, upon purchasing same, would require that they be in the position to dispossess its occupant. The latter in fact had a lease which by its terms expired April 30, 1949, but it was stated by the defendant that the lease actually had terminated by virtue of a cancellation, and that accordingly such occupant was in possession as a statutory tenant, and consequently on purchasing the premises the plaintiffs could secure a final order dispossessing that tenant. The contract of purchase was made June 3, 1947, and title closed June 19, 1947. To induce the plaintiffs to make the contract, the defendant made warranties and agreements relating to the status of the then occupying tenant, and that, at the time of summary proceedings to be brought, the defendant would produce the necessary documents which would prove the status of the occupant as a statutory tenant. The plaintiffs relied upon these warranties and agreements and they entered into the contract in the belief that the occupying tenant's lease had been cancelled and terminated, and that the tenant had remained in possession as a statutory tenant subject to eviction by the plaintiffs upon purchase by them, and also that the defendant would aid the plaintiffs to accomplish this eviction by supplying the plaintiffs with the necessary documents. The plaintiffs instituted two summary proceedings under the current Commercial Rent Laws, and, while the defendant did furnish certain papers as purported proof in alleged compliance with his agreement to aid the plaintiffs in their eviction attempts, nonetheless dispossession failed because the tenant was occupying the space under a valid existing and unexpired lease. It was proved in the summary proceedings that there had not been a cancellation of the lease, and that the tenant was not a statutory tenant, and it was held that the tenant was entitled to remain in possession until April 30, 1949, which was long after the time when the plaintiffs needed the space for themselves.

Since the warranties and agreements were breached, this action was brought for the recovery of resulting damage. (Allegations are also made in the complaint as to representations made by the defendant to the plaintiffs in respect of the same subject matter of tenancy and cancellation and statutory occupancy, and that these representations, relied upon by the plaintiffs, were false. These allegations, however, are not sufficient to constitute the cause as one for damages for fraudulent inducement. The entire record and the plaintiffs' position — taken now and heretofore — indicate that the cause proceeds rather upon a claim of breach of warranty and agreement. I too shall proceed accordingly.)

Earlier in the instant litigation, the defendant moved that the present complaint be amended so as separately to state and number the several causes of action claimed to be alleged, and to compel the plaintiffs to make an election between two alleged different theories of action. The court (COHALAN, J.) denied the application, holding that only a single cause of action was stated. Thereafter, the defendant moved for summary judgment on all the grounds in the five defenses presently contained in the amended answer and which defenses the plaintiffs now attack. This motion too was denied (WALTER, J.). Thus it has been held that the complaint is good as to form and sufficiency.

The first and fifth defenses raise the claim of bar by prior adjudication — with respect to the first defense, that it has heretofore been determined that the plaintiffs did not rely on the claimed representations, warranties and agreements; and with respect to the fifth defense, that the plaintiffs had not acted with sufficient promptness on discovery of the alleged falsity. It appears that the plaintiffs had sued the defendant in a prior action for rescission of the same contract of sale based upon the claimed fraud. The complaint in that action was dismissed on the merits after trial (BOTEIN, J.), which dismissal was thereafter affirmed (*McQuade* v. *Maidman*, 277 App. Div. 1112, affd. 303 N. Y. 684). The grounds of the determination were two — first, that while the defendant had (at the time of contract) falsely represented to the plaintiffs that the lease to the occupying tenant had been cancelled, the plaintiffs did not (at the time of conveyance) rely upon the representations; and second, that the attempted rescission did not occur promptly after the plaintiffs' discovery of the falsity of the representations. The defendant now rests in its first defense on that decision as *res judicata* of the fact of nonreliance, and therefore as a bar to any recovery for damages for breach of contract and warranty. The fifth defense interposed by the defendant is based upon the

same judgment, and the defendant maintains that it is *res judicata* of the fact that the plaintiffs' attempted rescission was not timely, and is therefore a bar to recovery in the present action. It should be noted at the outset that the earlier action and the present one are quite distinct (*Pacific Southwest Trust & Sav. Bank* v. *Hyman,* 221 App. Div. 16). And I note in that regard that it was specifically held by Mr. Justice WALTER, in denying the defendant's motion for summary judgment, that the decision in the prior action dismissing the plaintiffs' complaint in fraud for rescission " is not necessarily a bar to this action at law for damages for alleged breach of warranty ". Thus the only claim upon which the prior determination may be invoked as a bar is that there has been an adjudication of a specific fact, relevant then and relevant now.

I hold the first defense to be insufficient. A finding in the fraud action that the plaintiffs did not rely upon the defendant's representations is not a finding that the plaintiffs did not rely upon the defendant's warranties and agreements (*Callanan* v. *Keenan,* 224 N. Y. 503, motion for reargument denied, 225 N. Y. 662; *Disbrow* v. *Harris,* 122 N. Y. 362). Moreover, Mr. Justice BOTEIN's decision shows that, as a basis for rendering judgment for the defendant in the rescission action, the court had determined on the facts that the documents (on which the defendant was going to rely to aid the plaintiffs in subsequent summary proceedings to obtain possession) were submitted by the defendant to the plaintiffs when the title was closed, and that those documents failed to disclose the claimed cancellation of the lease. Thus, what was held was that, *at the time of title closing,* the plaintiffs did not rely on the representations in taking the conveyance. But that is not a finding that *at the time of contract* such reliance did not exist. The present suit is specifically based upon warranties and agreements allegedly made at the time of contract, not at the time of conveyance. If it were to be held as a matter of law that the warranties and agreements in the circumstances here did not survive the deed, the first defense would be good. But there is here no allegation of merger of the contract in the conveyance (cf. *Disbrow* v. *Harris, supra,* and *Brennan* v. *Schellheimer,* 36 N. Y. St. Rep. 867).

The fifth defense is also insufficient. The prior determination on the point here raised was merely that rescission was untimely at the time that the action was brought in relation to the time when the falsity was discovered. The issue thus decided is clearly not dispositive here. In fact, on the argument, counsel for the defendant recognized that the holding in the equity action

that the plaintiffs had been guilty of mere laches was not an adjudication that the Statute of Limitations had run with respect to the present action at law. And that is of course the law on the subject (cf. *Ormsby* v. *Vermont Copper Min. Co.,* 56 N. Y. 623, and *Oppenheimer* v. *Roberts,* 175 App. Div. 424).

The second defense raises the claim of the bar of the Statute of Frauds. Section 259 of the Real Property Law provides in substance that a contract for the sale of any real property, or an interest therein, is void, unless the contract, or some note or memorandum thereof (expressing the consideration) is in writing subscribed by the party to be charged. I am of the view that the warranties and agreements relied upon by the plaintiffs in the instant suit (being an element of the deal and part of the consideration for it) are of the sort that come within the purview of the statute (cf. *Norton* v. *Ritter,* 121 App. Div. 497). Accordingly, I hold the second defense to be good.

In the third defense, the defendant asserts that the alleged warranties and agreements were not contained in the contract or the deed, and that under the provisions of section 251 of the Real Property Law, " A covenant is not implied in a conveyance of real property, whether the conveyance contains any special covenant or not." This section refers only to deeds of conveyance, and not contracts of sale — and, as has been seen, it is the contract, not the deed, which is the basis of this suit. Insofar as reference is made to the contract in this defense, it is covered by section 259 of the Real Property Law and is pleaded in the second defense. The third defense is not good.

The fourth defense, also of the Statute of Frauds, is based upon section 242 of the Real Property Law, which refers to " An estate or interest in real property " being " created, granted, assigned, surrendered or declared ", and provides that in certain cases this must be done " by a deed or conveyance in writing ". This section also relates to deeds and conveyances. And, I repeat, it is the agreement to sell (rather than the transfer itself) on which the plaintiffs rely in bringing this action. The fourth defense is not valid.

With respect to the defenses, then, I hold in sum that only the second is meritorious and able to pass the test of sufficiency. The others are deficient. Accordingly, the motion to strike is denied as to the second affirmative defense, and is otherwise granted. Order signed.