■ CENTRAL HUDSON GAS & ELECTRIC CORPORATION OF DUTCHESS COUNTY, Respondent, v. JULES MIRON et al., Appellants.— Appeal from a judgment of the Supreme Court, entered after a trial before an Official Referee, which enjoins the appellants from interfering with, obstructing or endangering any rights which respondent has in an easement across the premises of appellants, and particularly from storing large quantities of sand on the land across which said easement was granted. Appellant, Jules Miron, owns a parcel of real property between Rondout Creek and East Strand Street in the city of Kingston. Plaintiff is a public utility engaged in manufacturing and selling gas and electricity to the public. On April 12, 1951 appellant Miron granted in writing an easement or right of way across his premises to plaintiff for pipe line purposes, varying in width from 17 to 23 feet. A main pipe line of plaintiff had existed across the property before Miron purchased the same, and the easement in question was negotiated and granted thereafter. During the negotiations Miron, through the medium of the Miron Rapid Mix Corporation, built a ready mix concrete plant on the property. This plant ultimately required the use of large quantities of sand. During the early part of 1954 sand was piled in such quantities on the premises, and particularly over respondent's

right of way, that respondent's representatives protested. Despite these pro-- tests, and others, nothing was done in the matter. Finally in December, 1954 two breaks occurred in respondent's gas line. The Referee has found, and the evidence sustains his finding, that at the time of those breaks there was sand 20 feet high over the entire width of the land through which respondent had an easement. There is a dispute as to how soon enough sand was cleared away to permit respondent to locate the breaks and repair the same, but the Referee found upon sufficient evidence that respondent was delayed in ascertaining the location of the breaks in the gas main, and in repairing the same. He also found that because of the delay respondent was obliged to construct a temporary gas line around the sand in order to insure continued service to its customers. The easement is couched in broad terms, giving respondent the right to construct, operate, maintain and repair any sort of transmission line across that part of the premises subject thereto. It also reserved to the grantor " the right to use the ground on said easement and right of way, provided that such use of said ground shall not interfere with, obstruct, or endanger any of the rights granted aforesaid, and provided no house or other structures shall be erected within the limits of the right of way without the written consent of the corporation ". The basic issue involved is whether the Official Referee erred when he found that piling large amount of sand within the area of the grant constituted a violation of the terms of the easement. We find no error in this determination sufficient to require a reversal. It is obvious on the face of the testimony that respondent's right to a free and unobstructed use of the easement was interfered with, and this right is paramount to the extent· of the grant (*Herman* v. *Roberts*, 119 N. Y. 37). Respondent is not obliged to w. it, for the purposes of inspection, repair or otherwise, until appellants have cleared a ay sand that may be piled so high as to interfere with a prompt inspection or repair of the gas main. Appellants urge that the gas main has been rb ndoned. The proof does not warrant such a conclusion. The evidence is th t it is intended to be used as an integral part of the respondent's transmission lines. It was also urged on the oral argument that the terms of the injunction are too vague. Under the language of the easement and the circumstances disclosed the wording of the injunction with respect to sand necessarily had to be cast in general terms. Appellants must take their chances on how much sand will constitute an obstruction. The court cannot undertake to frame an injunction in terms of cubic yards. Appellants urge that since the concrete mixing plant was constructed and sand piled upon the premises during the negotiations preceding the execution of the easement the latter must be construed to permit a continuance of the practice. We reach an opposite conclusion from the language of the easement itself and having in mind that a public utility has a duty of continuous service to the public, the exercise of which requires unobstructed access to its feed lines. However since the complaint and the testimony in the case deal only with sand as an obstruction we think the language of the injunction is couched in terms that are too broad. It should be limited to restrain the defendants from piling and storing sand on the land covered by the easement in such quantities that will interfere with the prompt exercise of respondent's rights under the easement. As thus modified, on the law and the facts, the judgment is affirmed, with costs to respondent. Settle order on notice. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.