306 So.2d 273

**Beverly CARTER et al.**

v.

**Earl Martin STRINGFELLOW, Sr., and Earl
Martin Stringfellow, Jr.**

**S.C. 644.**

Supreme Court of Alabama.

Jan. 16, 1975.

James R. Davis, Birmingham, for appellants.

**526**

Stone, Patton & Kierce, Bessemer, for appellees.

William M. Acker, Jr., Birmingham, amicus curiae.

HARWOOD, Justice.

This is an appeal from a decree entered in a declaratory action wherein the complainants (appellants here) sought a declaration concerning the character and extent of certain easements and restrictions as to the use of a lake, as well as the extent of appellants' property interests in said lake. The lake was created by the respondents or their predecessors in title, and the complainants are purchasers of lots in a subdivision adjacent to the lake, which subdivision was developed by the respondents or their predecessors in title.

The residential lots involved in this case were located in a subdivision known as Paradise Acres. This subdivision abuts on a lake known as Paradise Lake. Mattie L. Stringfellow, now deceased, was the owner and subdivider of Paradise Acres when a plat of that subdivision was recorded. Earl Martin Stringfellow, Sr., one of the appellees, was the sole beneficiary under the last will and testament of Mattie L. Stringfellow, his wife, and by virtue of Mattie L. Stringfellow's will, is now the owner of the lake and the undeveloped area around the lake.

The Paradise Acres subdivision was subject to certain restrictions which were recorded in the office of the Probate Judge of Jefferson County, Alabama, on 9 July 1959, by Mattie L. Stringfellow. The pertinent portions of the instrument setting forth the restrictions and conditions of the owner are as follows:

"WHEREAS, the said Owner desires to establish certain building restrictions and limitations applicable to all of the lots in said survey, and to lake privileges incident thereto, now

"THEREFORE, the undersigned does hereby adopt the following restrictions and limitations which shall be applicable to all of the lots in said survey and said lake privileges, which restrictions and limitations are as follows:

\*     \*     \*     \*     \*     \*

"4. There is reserved a permanent easement of twenty (20) feet measured from the water's edge across each lot and around the entire proposed lake, as a passageway for pedestrian travel, it being understood that such easement is not to be open to vehicular travel of any kind.

\*    \*    \*    \*    \*    \*

"The privileges and rights to the enjoyment of the use of the lake established partly on said sub-division do not include the use  of gasoline motors on said lake.  No motors are to be allowed in use on said lake except electric trolling motors.  A loss of all lake privileges is the penalty for violations of the restrictions against use of gasoline motors, after warning, and said penalty may be put in effect by an affirmative vote of one-fifth of all owners of lake front property after ten (10) day's notice to accused violator."

It also appears that in a map or plat of the Second Sector of Paradise Acres, which Sector is nearest the lake, shows that a strip of land of varying width, depending upon the distance between the edge of the lake and the boundaries of the lots contiguous to the strip, is designated as "Easement for Access to Lake."  This plat was recorded in the Office of the Probate Judge of Jefferson County on 6 May 1960.

Appellants filed a bill for declaratory judgment alleging that the appellees were the owners of Paradise Lake, subject to the rights of appellants in said lake.  The bill further alleged that appellees have caused a portion of the land surrounding the lake to be zoned for condominiums and town houses and that appellees had advised appellants that the use and control of the lake would be turned over to the developer of the condominiums.  It was also alleged that Earl Stringfellow, Jr., acted as his father's agent in development of the subdivision and that he had represented to appellants that the development of all the land

surrounding the lake would be in a manner similar to the single family residential development which had already been completed.  Appellants also alleged that the easement along the rear of the lots (which bordered the lake) was to be utilized for the installation of sewer lines to serve the condominium development, although such easement did not expressly authorize installtion of utilities.

The appellants' bill for declaratory judgment sought a decree declaring that appellants and other owners of lots in the Paradise Acres subdivision be declared the owners of Paradise Lake, that the number of users of said lake be limited to the numbers which would result from a development of the remaining portion of the "Stringfellow property" in a manner similar to the present development (single family · residential use), that Earl Stringfellow, Sr., and Earl Stringfellow, Jr., be held liable in damages for any loss sustained by reason of a change in the use of remaining properties surrounding Paradise Lake in violation of the representations made to appellants as to the use of the lake, and that the rights of the Stringfellows and their successors in title in the easement surrounding the lake be limited to ingress and egress only.

The parties stipulated that the issues for trial would be limited to the following: (1) whether there was a right to construct a sewer within the twenty-foot strip above the water line along the northerly edge of the lake without obtaining a sewer easement, (2) whether a sewer could be laid within the lake bed itself, and (3) the rights of the parties to use the lake and whether there were any limitations thereon as to appellants or appellees.

After a full hearing, the Chancellor found and decreed: (1) that the twenty-foot easement from the water's edge created by the "restriction" document filed by Mattie L. Stringfellow was for pedestrian travel only and would not permit a sewer line to intrude into the boundaries of the lots of the appellants, (2) that the "Ease-

ment for Access to Lake" strip imposed by the recorded plat of 6 May 1960, would permit Mattie L. Stringfellow and her successors in title to lay a sewer line partly in the strip itself and partly in the lake bed, in that Mattie L. Stringfellow and her successors in title owned in fee simple all of the property outside of the lot lines of the lots not sold, and (3) there was no evidence of violations by the appellees of any of the restrictions as to the use of the lake.

Appellants' first assignment of error is predicated upon the refusal of the trial court to allow Charles E. Allen, one of the appellants, to testify concerning any representations made to him by Earl Stringfellow, Jr., before or at the time of the delivery of the deed to a certain lot in Paradise Acres. We find no error in this action by the court.

Any such representation concerning an interest in land is ordinarily deemed to be covered by our Statute of Frauds. (Title 20, § 3, Code of Alabama 1940.)

■ It has been held by this court that an easement is an interest in land and cannot be created by parol. Roberts v. Monroe, 261 Ala. 569, 75 So.2d 492; Hicks v. Swift Creek Mill Co., 133 Ala. 411, 31 So. 947, 57 L.R.A. 720. Restrictions on the use of land are also subject to the Statute of Frauds. Marsh v. Cheeseman, 221 Ala. 390, 128 So. 796; Scheuer v. Britt, 217 Ala. 196, 115 So. 237. As was stated by this court in Marsh v. Cheeseman, supra, 128 So. p. 798:

"A permanent easement or incumbrance on lands must rest on something more enduring than the memory of witnesses."

In Roberts v. Monroe, supra, the complainants were seeking to establish an implied grant of an easement in an alleyway. The following questions were asked of a witness in that case:

"Q. At the time you purchased that property, was anything said to you about the alleyway?

"Q. I will ask you if at the time you purchased that alley you were told that the use of the alley would pass with the property?"

This court upheld the action of the trial court in sustaining objections to these questions on the following grounds:

"We cannot put the court in error in its ruling on these questions. The answers sought to be elicited were parol statements and cannot be used to vary the terms of a written instrument. Burroughs v. Pate, 166 Ala. 223, 51 So. 978. Furthermore an easement is an interest in land and must be created by deed or prescription or adverse user and cannot be created by parol. Hicks Bros. v. Swift Creek Mill Co., 133 Ala. 411, 31 So. 947, 57 L.R.A. 720; § 3, Title 20, Code of 1940; § 22, Title 47, Code of 1940."

Appellants, however, contend that we are presented with facts calling for the application of the doctrine of promissory estoppel, or estoppel in pais, which would take this case out of the Statute of Frauds. This court in Clanton v. Scruggs, 95 Ala. 279, 10 So. 757, 758, a case cited by appellants in favor of this proposition, discussed in detail the doctrine of estoppel in pais. In that opinion this court observed:

"* * * An essential element of an estoppel *in pais* is a false representation, or a concealment of material facts, upon which another has been induced to act to his prejudice. The representation or concealment must, in all ordinary cases, have reference to past or present facts. A mere promise of something to be done in the future is not such a representation or concealment. One's failure to perform a promise is a very different thing from his denial of a state of facts which he had previously held out as in existence. * * *"

■ The representations allegedly made to appellants were that the development of all the land surrounding the lake would be

in a manner similar to the single family residential development which had already been completed. We do not see how such representations can form the basis for an estoppel in pais. This was a mere promise to do something in the future. In other words, the developer merely promised to build similar structures in the future.

Appellants contend, however, that there is a misrepresentation as to "past or present facts." It is argued that the "past or present facts" consist of the existence, at and before any representations were made, of a single family residential plan of development. But there was no misrepresentation or concealment as to the present state of facts, but an alleged misrepresentation only as to the future, i. e., that the developer would continue to construct only single family structures in the future.

 Appellants also challenge that portion of the final decree of the trial court which decreed that a sewer line could be installed or laid in either the "easement for access to the lake" or in the lake itself, provided it was laid with reasonable care and so long as the shoreline and the lake itself were restored to a condition so as to not affect the access to the lake. We find no error in this portion of the decree.

The title to the land on which the easement and lake were situated remained in Mattie L. Stringfellow and her successors. The right to use the land on which an easement has been dedicated remains in the owner of the servient estate so long as such right does not conflict with the purpose and character of the easement. See 25 Am.Jur.2d, pp. 494–495, and Collins v. Alabama Power Co., 214 Ala. 643, 108 So. 868, 46 A.L.R. 1459.

The trial court in its decree stated that the sewer line must be laid with reasonable care and the lake must be restored to a condition so as to not materially affect the access to the lake. If this decree is complied with, there will be no interference with the appellants' access to the lake or with the appellants' privileges to use the lake.

What we have written above is dispositive of this appeal and renders unnecessary a discussion of appellants' additional assignments of error. The decree is due to be affirmed, and it is so ordered.

Affirmed.

HEFLIN, C. J., and MERRILL, MADDOX and FAULKNER, JJ., concur.