Defendant, Frank M. Duke appeals from a judgment for plaintiff, Pine Crest Homes, Inc., in a declaratory judgment action, holding, inter alia, that defendant's easement does not prohibit plaintiff's reasonable, nonconflicting use of the property over which the easement passes and that both plaintiff and defendant or their respective successors in interest may use the property over which the easement passes in a manner which would not block passage by the other. We affirm.
Some twenty years ago, defendant built his house and constructed his driveway. At the time, he and his first wife owned that lot and the adjacent lot. At some point, defendant's children by his first wife became owners of the adjacent lot. In December, 1976, the children sold and conveyed the adjacent lot (subject to the easement) to plaintiff. At the same time, the easement in question (which lay over the adjacent lot) was conveyed by the children to defendant, which easement provided in pertinent part, as follows, viz: *Page 149 
 EASEMENT CONVEYANCE
STATE OF ALABAMA) JEFFERSON COUNTY)
We, Frank McDonald Duke and Margaret Rebecca Duke Humphreys and her husband, Frederick K. Humphreys, of Birmingham, Alabama, and Pensacola, Florida, respectively, the owners of the land described herein, in consideration of One Dollar ($1.00) and other good and valuable consideration, the receipt of which is hereby acknowledged, hereby grant, bargain, sell and convey to Frank M. Duke of 2656 Alta Glen Drive, Birmingham, Alabama, Grantee, the following limited easement for a private single family residence driveway, and no other purpose:
 Part of the southeasterly 1/2 of Lot 8, according to the survey of Dukeville, as same is recorded in Map Book 12, Page 26, in the Office of the Judge of Probate of Jefferson County, Alabama, being more particularly described as follows: From the most southerly corner of said Lot 8, run thence northeasterly along the easterly line of said Lot 8 a distance of 205 feet to the point of beginning; from the point of beginning thus obtained, continue on the same course along said easterly line of Lot 8, for a distance of 25 feet; thence turning an angle to the left of 85°-42.5', run northwesterly, parallel to the southwesterly line of Lot 8 for a distance of 150 feet; thence turning an angle to the left of 94°-17.5', run southwesterly, and parallel to the easterly line of said Lot 8 for a distance of 25 feet; thence turning an angle to the left of 85°-42.5' and run southwesterly, parallel to the southwesterly line of said Lot 8, for a distance of 150 feet to the point of beginning.
SAID EASEMENT IS LIMITED BY THE FOLLOWING:
Driveway "purpose" as used in this conveyance means a residential driveway and no vehicles other than those normally utilizing residential driveways shall use or travel across the right-of-way described above. Said easement may be landscaped by the Grantee in a manner in conformity with other residences in the neighborhood.
The driveway easement described above shall be constructed and maintained in good repair by the Grantee at his sole cost and expense. The driveway shall not be enlarged in any manner to further encroach onto the Owners' property.
This easement shall become void upon the driveway being destroyed or an alternate driveway being constructed or by uses in violation of this grant by the Grantee, his heirs or assigns.
This easement is for the benefit of and shall inure to the benefit of the Grantee, his heirs and assigns.
IN WITNESS WHEREOF, we have hereunto set our hands this ___ day of December, 1976.
/s/ Frank McDonald Duke
/s/ Margaret Rebecca Duke Humphreys
/s/ Frederick K. Humphreys
STATE OF ALABAMA)
JEFFERSON COUNTY)
Before me, the undersigned Notary Public in and for said County in said State, personally appeared Frank McDonald Duke, an unmarried man, whose name is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, he executed the same voluntarily on the day the same bears date.
Given under my hand and official seal this 6th day of December, 1976.
/s/ James N. Brown, III Notary Public
STATE OF Alabama)
COUNTY OF Jefferson)
Before me, the undersigned Notary Public in and for said County in said State, personally appeared Margaret Rebecca Duke Humphreys and her husband, Frederick K. Humphreys, whose names are signed to the foregoing conveyance, and who are *Page 150 
known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, they executed the same voluntarily on the day the same bears date.
Given under my hand and official seal this 22nd day of December, 1976.
/s/ Ann S. Carlton Notary Public
Plaintiff then obtained a permit from the Jefferson County Zoning Board to construct two residences on the adjacent lot. Plaintiff wished to use that portion of the property, which is subject to defendant's easement, as a driveway for one of the houses. On or about the second week of June, 1977, plaintiff drove a truck across the paved driveway and across the unpaved portion of the easement, to the construction site. Plaintiff was immediately notified by defendant that defendant disputed plaintiff's right to use the portion of the property which was subject to the easement. Plaintiff then filed this declaratory judgment action, seeking to determine its rights and seeking to enjoin defendant from interfering with said rights.
The case was submitted to the trial court upon certain stipulated facts and memoranda of law, and the court entered its judgment as set out above. Defendants then appealed.
It is well settled in Alabama that the owner of the servient estate may himself use the land upon which an easement has been dedicated so long as such right does not conflict with the purpose and character of the easement. Carter v. Stringfellow,293 Ala. 525, 306 So.2d 273 (1975).
Defendant contends that the trial court's decree fails to effectuate the intent of the parties insofar as the easement conveys what defendant alleges to be an exclusive right to use the driveway. We cannot agree.
In Keeler v. Haky, 160 Cal.App.2d 471, 325 P.2d 648 (1958), a case cited with approval in Moss v. Vance, 288 Ala. 224,259 So.2d 252 (1972), the California District Court of Appeals was confronted with a somewhat similar question. The issue there was whether an instrument granting an easement of "full and free right[s] . . for all purposes connected with the use of said grantee's land, to pass and repass along, over and upon said private road . . ." conveyed an easement which would exclude the servient owners. The Court refused to accept the argument that the easement was exclusive. Instead, the Court held, viz:
 ". . . We cannot hold in line with the trial court's ruling that by the employment of the terms `full and free' and `all purposes' the use was intended to be exclusive to the grantees and for all purposes connected with their property. The document clearly indicates that the right which is unrestricted, or `free and full' is the right to `pass and repass' across the easement, and even the extent of this right is limited by the use of others who have the same, or like, right. The phrase `all purposes' as used in the instrument does not imply that all rights in connection with the use of the dominant estate are conveyed, but only the right to pass and repass for all purposes connected with the use of grantees' land. . . .
 "Any claim that the deed makes no reservation or exception in favor of the grantors is without merit. . . . [A]n easement deed does not `grant' anything to the servient estate since it retains all that which the deed does not give away. . . . (Citation omitted.)"
* * * * * *
 "The extent of a servitude is determined by the terms of the grant creating it. . . . [W]here an easement is founded on a grant, only those interests expressed therein and necessary for its reasonable and proper enjoyment pass from the owner of the fee. . . . If permanent parking were permitted for defendants' tenants the effect would be to make the use exclusive to them. This cannot be implied from the clear language of the deed. . . . `Furthermore, an "exclusive easement" is an unusual interest in land; it has been said to *Page 151 
amount almost to a conveyance of the fee. 2 Thompson, Real Property 1939, § 578; Jones, Easements, § 378, p. 302. No intention to convey such a complete interest can be imputed to the owner of the servient tenement in the absence of a clear indication of such an intention. . . .'"
We think the California court's reasoning is valid and equally applicable in this context. If we were to accept defendant's contentions, we would, in effect, have to hold that defendant's easement for a "private single family residence driveway . . ." is tantamount to a fee simple, thereby entitling him to totally exclude plaintiff from usage of the property. This would not be supportable by reason or law, especially in view of the fact that the instrument fails to evince a clear, unambiguous intention on the part of the grantors of the easement to exclude themselves or their successors from its use.
Moreover, the California law is in accord with the general law throughout the country. See 25 Am.Jur.2d, "Easements and Licenses," § 89, pp. 494-95.
 "A servient owner ordinarily has no duty to do any positive act with respect to the maintenance or repair of an easement, but he is required to refrain from unlawfully interfering with or obstructing it. He has, however, all the rights and benefits of ownership consistent with the easement; the right to use the land remains in him, without any express reservation to that effect, so far as such right does not conflict with the purpose and character of the easement. Hence, the grant of an easement of way which is not exclusive and which can be reasonably enjoyed without being exclusive leaves in the servient owner the right of user in common with the owner of the easement."
Id. [Footnotes omitted.]
In holding as we do, we wish to make it clear that the servient owner must not in any way interfere with or impinge upon the rights secured by the dominant owner under the express grant of the easement, such as the right of the dominant owner to landscape the property "in conformity with other residences in the neighborhood." Nor must use by the servient owner create any such additional burden upon the easement as would interfere with those rights granted by the express terms of the easement. We also observe that although the "EASEMENT CONVEYANCE" specifies that defendant shall maintain the driveway easement in good repair, the judgment below states each party is jointly responsible therefor. Since no contention was raised on appeal as to the correctness of this portion of the judgment, it stands.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and BEATTY, JJ., concur.