ALMON, Justice.
This is an appeal from a judgment enjoining the defendants, who operate a lumber company, from depositing sawdust, timber, scrap metal, or machinery on the plaintiffs pipeline easement. Defendants appeal, arguing that the trial court’s judgment expands the plaintiffs easement without compensating defendants.
Southern Natural Gas Company brought this action against John M. Dudley and Lesley L. Dudley, individually and d/b/a Phenix Lumber Company. The complaint alleged that on or about June 26, 1966, defendants John and Lesley Dudley granted Southern Natural an easement and right-of-way sixty feet in width across their property. The complaint further alleged that defendants were violating the easement by depositing sawdust, wood chips, scrap metal, logs, and other debris upon the easement, and requested the court to enjoin defendants from depositing these materials upon the easement and order them to remove those already deposited. After conducting a hearing on the merits, the trial court granted the relief sought.
Defendants rely on two factors for their assertion that the trial court’s order enlarges the easement without compensating them. The first of these circumstances arises from a condemnation action which Southern Natural originally brought to condemn the easement. After the probate court appraisers awarded the Dudleys $8,500 for the interest sought to be condemned, the Dudleys executed the easement in question for a compensation of $6,000. The Dudleys argue that they granted the easement for this lower compensation in exchange for promises by Southern Natural representatives that they could use the surface of the easement for anything except permanent buildings.
The second factor upon which the Dud-leys rely is within the language of the easement itself. They argue that they are prohibited only from constructing buildings or other obstructions on the easement, and that because the deposited materials cannot be said to be constructed on the easement, this use does not violate the easement.
The easement provides in pertinent part:
“Grantors reserve the right to cultivate or otherwise make use of said lands for purposes and in a manner which will not interfere with the enjoyment or use of the rights, easements and estate hereby granted, but grantors shall not construct nor permit to be constructed any houses, buildings, lakes, ponds, structures, or any obstructions on or over said right of way, or any part *56 thereof, as surveyed or finally determined.”
(Emphasis added.)
The emphasized language in the above quotation clearly prohibits defendants from engaging in the use of which Southern Natural complains. In 1978 defendants had to stop burning sawdust because of environmental regulations, and they began stockpiling it to sell it periodically to paper mills which burn it in furnaces. Southern Natural objected to the stockpiling, but only after Dudley refused to carry through on repeated promises to remove the materials did Southern Natural bring suit.
It appears that the deposits include tons of sawdust sometimes in piles forty feet high. Clearly this would impede Southern Natural’s maintenance of its lines and delay any necessary repairs. The sawdust creates a fire hazard through the danger of spontaneous combustion and risks loss of gas service to a heavily populated area of Alabama and Georgia. The other materials included in the injunction similarly interfere with Southern Natural’s use of its easement.
In Duke v. Pine Crest Homes, Inc., 358 So.2d 148, 150 (Ala.1978), this Court noted:
“It is well settled in Alabama that the owner of the servient estate may himself use the land upon which an easement has been dedicated so long as such right does not conflict with the purpose and character of the easement. Carter v. Stringfellow, 293 Ala. 525, 306 So.2d 273 (1975).”
Southern Natural reports that the cases it has found closest on point in Alabama are Snider v. Alabama Power Co., 346 So.2d 946 (Ala.1977), and Collins v. Alabama Power Co., 214 Ala. 643, 108 So. 868 (1926). Because both of these cases involve buildings encroaching on the power company’s right of way, and Dudley claims the deposits do not violate the easements because they are not “constructed,” Southern Natural cites cases from other jurisdictions involving similar fact situations.
In Central Hudson Gas & Electric Corp. of Dutchess County v. Miron, 4 A.D.2d 975, 167 N.Y.S.2d 836 (1957), the court held that sand piled twenty feet high over the pipeline easement constituted an obstruction and warranted an injunction. In Industrial Gas Co. v. Jones, 62 Ohio App. 553, 24 N.E.2d 830 (1939), the court made a similar holding regarding chemical wastes. See also Natural Gas Pipeline Co. of America v. Cox, 490 F.Supp. 452 (E.D.Ark.1980); Sumrall v. United Gas Pipe Line Co., 232 Miss. 141, 97 So.2d 914 (1957); and Central Kentucky Natural Gas Co. v. Hulls, 241 S.W.2d 986, 28 A.L.R.2d 621 (Ky.1951).
For the reasons stated, the judgment is due to be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.