550 So.2d 1024 (1989)
THORNTON PROPERTIES, a partnership
v.
ALABAMA POWER COMPANY.
Civ. 7015.
Court of Civil Appeals of Alabama.
August 16, 1989.
*1025 James J. Odom, Jr., Birmingham, for appellant.
James A. Bradford of Balch & Bingham, Birmingham, for appellee.
L. CHARLES WRIGHT, Retired Appellate Judge.
Thornton appeals from a summary judgment which was granted to Alabama Power Company (APCo).
In September and December 1970 and May 1971, Thornton executed three separate easements granting APCo the right to construct and maintain utility poles and facilities on specified parts of Thornton's property.
In May 1981 Thornton executed a contract with APCo which granted Thornton the right to attach cable television wires and facilities to APCo's utility poles. Under the terms of the contract Thornton was required to pay APCo "an average installed cost per pole" every year in advance. Subsequently, Thornton attached cable television wires to APCo's utility poles and paid a pro rata portion of rent due under the contract for the first year. APCo billed Thornton for the annual rental charges due for the years 1982-1986. Thornton refused to pay the amounts due. APCo brought suit for a declaration of the rights and duties of the parties and for specific performance of the 1981 contract.
APCo moved for summary judgment based upon the pleadings, discovery, a supporting affidavit, and the deposition of Thomas J. Thornton, one of the partners of Thornton Properties. The motion was granted. The judge declared the 1981 contract a valid agreement and awarded APCo $7,130.75 plus interest from the respective annual due dates.
The issue on appeal is whether Thornton has the right to make use of APCo's utility poles that have been placed upon the easement.
Thornton submits that, as owner of the fee who has granted a right-of-way or easement, it retains the right to use the underlying fee for any purpose not unreasonable and which does not interfere with the rights of the owner of the dominant estate, citing, Duke v. Pine Crest Homes, Inc., 358 So.2d 148 (Ala.1978).
APCo does not dispute the law of servient rights of the owner of the fee after granting an easement. It submits that Thornton's use in this case is not a use of the fee but a use of APCo's poles which are its personal property.
In sum, Thornton asserts that, since the utility poles have been attached to the realty, they are now fixtures and its use of them is a reasonable use of the fee in the easement.
As respects Duke, we agree that the servient owner may use the land upon which an easement has been dedicated so long as such use is reasonable and does not conflict with the purpose and character of the easement. The appurtenance at issue in Duke, a driveway, was permanently affixed to the land. Therefore, we do not find that Duke is dispositive of the case before us.
"[A] fixture is a thing which, although originally a movable chattel, is, by reason of its annexation to land, regarded as a part of the land." 36A C.J.S. Fixtures § 1 (1961) (footnote omitted); see also, Farmers & Merchants Bank v. Sawyer, 26 Ala.App. 520, 163 So. 657 (1935). There are three criteria for making the determination as to whether a chattel has become a fixture: (1) actual or physical annexation; (2) appropriateness to the use or purpose of that part of the realty to which it is attached; (3) intention of the party making the annexation. Milford v. Tennessee River Pulp & Paper Co., 355 So.2d 687 (Ala. 1978).
In the case before us the first two criteria have been met. The utility poles are set into the realty and, since they supply electricity to the buildings owned by Thornton, they are appropriate to the use or purpose of the realty to which they are attached.
However, as to the third requirement, the trial judge found that:
"[T]he original easements granted to APC by Thornton Properties extended to *1026 APC not only the right to install its utility poles initially but also granted to APC the right to move its poles and to relocate them. For example, if APC decided that it could maintain its electric lines with forty-five instead of fifty-five poles or if APC decided to put in a different type or size of utility pole, it clearly has the power to do so under the terms of the easement granted it and would not be required to obtain permission from Thornton Properties as the owner of the fee.
"Under the terms of the easements, it was clearly the intention of APC to retain all rights of ownership with respect to its utility poles including the right to relocate them and remove them.
"It is therefore this Court's conclusion that the utility poles in question in this case are personal property with all rights of ownership in them reserved to APC."
There being no material issue of fact, but merely a question of law, we find no error in the final judgment of the trial court.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.